## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JUDITH A. MANSFIELD,**     )
                   )
        Plaintiff,     )
                   )
     **v.**             )     Civil  Action  No. 05-1790 (RMU)
                   )     Electronic Case Filing
**JAMES H. BILLINGTON,**     )
Librarian of Congress,     )
                   )
        Defendant.     )
_____)

### DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure defendant James H. Billington, Librarian of Congress, respectfully moves to dismiss this case as plaintiff has failed to state a claim upon which relief can be granted.  In short, plaintiff fails to identify any adverse action within deadlines established by the Library of Congress for complaining about discrimination, and plaintiff cannot show that defendant took any adverse action in response to her complaint.  Moreover, plaintiff cannot prevail because her complaint correctly alleges that two people outside of the relevant protected categories were treated identically to the way she was treated.

In the alternative, to the extent that the Court requires evidence that plaintiff suffered no diminution in pay, defendant is submitting the Declaration of Dennis M. Hanratty, Director of Human Resources Services for the Library of Congress, and moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  The grounds for this motion are set forth fully in the accompanying Defendant's Memorandum in Support of Motion to Dismiss or For Summary Judgment and a proposed order granting the relief sought is attached.

Dated: December 15, 2005.

Respectfully submitted,


/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161


OF COUNSEL:
Evelio Rubiella, Assistant General Counsel
Library of Congress

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JUDITH A. MANSFIELD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1790 (RMU) |
| | ) | Electronic Case Filing |
| **JAMES H. BILLINGTON,** | ) | |
| Librarian of Congress, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT</u>

Plaintiff is improperly seeking to bootstrap this case onto her case pending in the Court of Federal Claims asserting that the Library of Congress has violated the Equal Pay Act, 29 U.S.C. § 206(d). That case is <u>Judith A. Mansfield v. United States,</u> No. 05-472C, and the parties are currently in the process of briefing defendant's motion for summary judgment in that case. On the other hand, in this case, plaintiff is attempting to manufacture claims of sex discrimination and retaliation out of nothing.

Because the Library never took any adverse employment action after against plaintiff either before or after she complained about her pay relative to two of her male colleagues, and because plaintiff acknowledges that she was treated the same as those two men with respect to a change in her duties, plaintiff cannot prevail on her claims in this lawsuit as a matter of law. Indeed, it is abundantly clear that neither plaintiff's sex nor her complaints of unlawful treatment caused any change in her salary or benefits. Moreover, plaintiff has not engaged in any protected activity under the provision of the Fair Labor Standards Act which prohibits retaliation against employees who pursue their right to equal pay for equal work.

I.    **Background**

Plaintiff Judith A. Mansfield is currently employed by the Library of Congress. Complaint, ¶¶ 1, 8-9.  She was worked for the Library since 1969, and since 1998, she has occupied a position as the GS-15 Chief of the Arts and Sciences Cataloging Division within the Cataloging directorate of Library Services.  Id.

Plaintiff was detailed to a Senior Level position and temporarily promoted to Senior Level (and therefore, paid in excess of her normal salary) during two 120-day periods beginning in September, 2002 and February, 2004.  Id. ¶ 11, 13, 15.  During those periods, and in between when she asserts that her duties were essentially unchanged, Ms. Mansfield alleges that she was paid less than the Senior Level male incumbent into whose position she was detailed.  Id.  That alleged pay differential is the subject of her claim under the Equal Pay Act case she filed on the United States Court of Federal Claims on April 14, 2005, 2005.  See Complaint, ¶ 25.[1]

_____

[1]  A copy of plaintiff's complaint in the Court of Federal Claims is attached as Exhibit 1. The Equal Pay Act, a separate statute from Title VII, proscribes gender-based pay discrimination among employees.  Unlike Title VII, the Equal Pay Act does not prohibit discrimination in hiring, firing, or promoting employees.  Nor does it apply to pay differentials in jobs that are not equal.  Instead, "it stands for the straightforward proposition that employees doing equal work should be paid equal wages, regardless of sex." Goodrich v. International Bhd. of Elec. Workers, 815 F.2d 1519, 1523 (D.C. Cir. 1987) (quoting H.R. Rep. No. 309, 88th Cong., 1st Sess. 2 (1963)).  The Equal Pay Act, contained in its entirety at 29 U.S.C. § 206(d), does not include any jurisdictional grant.  Absent any other grant of jurisdiction, a Court's jurisdiction over lawsuits against the federal government depends on the Tucker Act, 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491(a)(1).  28 U.S.C. § 1346(a)(2), commonly referred to as the Little Tucker Act, expressly limits the jurisdiction of this Court under the statute to any non-tort "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress." See, e.g., Doe v. Department of Justice, 753 F.2d 1092, 1101 (D.C. Cir. 1985).  Accordingly, as far as Defendant is aware, every court considering this issue has concluded that the Federal Court of Claims has exclusive jurisdiction over Equal Pay Act claims exceeding $10,000.  See Johnson v. Stone, Civ. A. No. 92-2461 (D.D.C. May 13, 1993); see also Barnes v. Levitt, 118 F.3d 404, 410 (5th Cir. 1997) ("Under the Tucker Act, 28 U.S.C. § 1491, a plaintiff asserting an Equal Pay Act cause of action must bring the action in the Court of Federal

In the instant case, plaintiff alleges that paying her less than her male colleagues amounts to sex discrimination. Complaint, ¶ 30. Plaintiff also alleges that not long after she wrote a letter to the Librarian of Congress in March 2005 about her belief that the Library was violating Title VII of the Civil Rights Act of 1964 and the Equal Pay Act by paying her less than her two male colleagues, the Library retaliated against her by abolishing her position as Assistant Director for Bibliographic Access. Id. ¶¶ 26, 34, 39. Importantly, plaintiff acknowledges that the Library also abolished the same positions being held by her two male colleagues at the same time. Id. ¶¶ 24, 26. Although plaintiff alleges that she has lost pay, the evidence demonstrates that the Library did not reduce her pay and the only thing that happened after she wrote to the Librarian and filed an EEO complaint is that the Library declined to raise her pay to the same level as the two male colleagues as plaintiff demanded. See Declaration of Dennis Hanratty ("Hanratty Dec.") (attached as Exhibit 2); May 27, 2005 Final Agency Decision and June 14, 2005 Denial of Reconsideration (attached as Exhibit 3) (administratively closing plaintiff's administrative discrimination complaint and advising her of her right to file a civil action).

## II.     Argument

### A.     Legal Standards

In assessing a motion to dismiss under Rule 12(b)(6), plaintiff's factual allegations must be presumed true and should be liberally construed in her favor. See Phillips v. Bureau of

---

Claims if the claim, including the fees sought, exceeds $10,000."), cert. denied, 523 U.S. 1136 (1998); Huddleston v. Donovan, 524 F. Supp. 179 (N.D. Ill. 1981) (same); Warren v. Alexander, 1979 WL 15358, 21 F.E.P. 664 (N.D. Ga. 1979) (same). Title VII explicitly recognizes the overlay between the two laws by providing that any differential authorized by the Equal Pay Act shall not constitute a violation of Title VII. See 42 U.S.C. § 2000e-2(h). In any event, plaintiff's complaint in this case does not include a claim under the Equal Pay Act.

Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); Alexander v. FBI, 971 F. Supp. 603, 607 (D.D.C.

1997).  Plaintiff must be given every favorable inference that may be drawn from her allegations

of fact.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint should be dismissed if

it appears beyond doubt that no set of facts proffered in support of plaintiff's claim would entitle

her to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Haynesworth v. Miller, 820 F.2d

1245, 1254 (D.C. Cir.1987).  However, "the Court need not accept inferences drawn by the

plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the

Court accept the plaintiff's legal conclusions."  Akintomide v. United States, 99-MS-0055 (PLF),

2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v.

United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16

F.3d 1271, 1276 (D.C. Cir. 1994)).

    Although matters outside the pleadings generally may not be considered on a motion to

dismiss, the Court may consider "documents attached to or specifically referred to in the

complaint." Himmelman v. MCI Communications, 104 F. Supp. 2d 1, 3 (D.D.C. 2000),

reconsideration denied, No. 99-1705 (RMU), 2000 WL 976656 (D.D.C. June 1, 2000).  In

addition, the Court may consider public records, matters of which a court may take judicial

notice, and letter decisions of governmental agencies.  Id.; see also Jackson v. City of Columbus,

194 F.3d 737 (6th Cir 1999); In re Credit Acceptance Corp. Securities Litigation, 50 F. Supp. 2d

662 (E.D. Mich. 1999) (court may consider documents in SEC file without converting motion to

dismiss to motion for summary judgment).  Here, plaintiff's letter to the Librarian, her EEO

complaint, and the Library's dismissal of her EEO complaint may all be considered under this

principle.  See Complaint, ¶¶ 4, 5, 25.

- 4 -

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In determining whether there exists a genuine issue of material fact, the Court must view all facts, and reasonable inferences to be drawn from them, in a light most favorable to the non-moving party. Anderson, 477 U.S. at 255. If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50. Indeed, in order to withstand summary judgment, the non-moving party may not rest upon mere allegations or denials. Id. at 248. The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact. Id. at 247-48. There is no genuine issue of material fact if the relevant evidence of record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the party opposing summary judgment. Id. at 248. If the submitted evidence is of such a character that it would not permit a reasonable fact finder to find in favor of the non-moving party, summary judgment is appropriate. Id. at 251.

Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Rather, when the movant files a properly supported summary judgment motion, the burden shifts to the nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some

- 5 -

metaphysical doubt as to the material facts," <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions,""or by only a 'scintilla' of evidence." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994).

> **B.    Other Than The Alleged Abolition of Her Position, Plaintiff Has Not Exhausted the Required Administrative Remedies**

Plaintiff first complaint about a possible violations of Title VII and the Equal Pay Act in her letter to the Librarian on March 15, 2005.  Complaint, ¶ 25.[2]  Then, after she alleges the Library informed her on March 31, 2005 that the Assistant Director positions were being abolished, she filed an EEO complaint with the Library's Equal Employment Opportunity Complaints Office on April 18, 2005.[3]  Complaint, ¶¶ 4, 26.

By statute, the Librarian of Congress is granted the authority to exercise enforcement powers and issue rules and regulations, otherwise granted to the Equal Employment Opportunity Commission with respect to all other government agencies.  <u>See</u> 42 U.S.C. §2000e-16(b).  In accordance with that statute, the Librarian of Congress has promulgated Library of Congress Regulation ("LCR") 2010-3.1, entitled Resolution of Problems, Complaints, and Charges of Discrimination in Library Employment and Staff Relations Under the Equal Employment Opportunity Program.[4]

Under Section 4A of LCR 2010-3.1, a Library employee who believes she is being discriminated against must contact the agency's Equal Employment Opportunity Complaints

---

[2]  A copy of plaintiff's March 15, 2005 letter is attached as Exhibit 4.

[3]  A copy of plaintiff's April 18, 2005 EEO complaint is attached as Exhibit 5.

[4]  A copy of the Regulation is attached as Exhibit 6.

Office ("EEOCO") "not later than 20 workdays after the date of the alleged discriminatory matter." LCR 2010-3.1 §4.A. In addition, Library regulations require complainants to submit formal complaints within ten days of receiving written notice from the EEO counselor of their right to file a complaint. See LCR 2010-3.1 § 4.D; cf. Brown v. Gen. Serv. Admin., 425 U.S. 820, 833-35 (1976) (requiring exhaustion of administrative remedies); Siegel v. Kreps, 654 F.2d 773, 776 (D.C. Cir. 1981); Howard v. Evans, 193 F. Supp. 2d 221, 228 (D.D.C. 2002); Smith v. Dalton, 971 F. Supp. 1, 4 (D.D.C. 1997).

Compliance with the procedures and timelines is mandatory. "Complainants must timely exhaust these administrative remedies before bringing their claims to court." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action"). As the U.S. Supreme Court has stated: "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" National Passenger R.R. Corp. v. Morgan, 536 U.S. 101, 108 (2002), quoting Mohasco Corp. v. Silver, 447 U.S. 807, 825 (1980).

Here, plaintiff alleges that she first filed a complaint alleging discrimination on April 18, 2005. Complaint, ¶ 4. She fails to allege that she ever made any other contact with the Library's EEO office. Accordingly, plaintiff is barred from raising any matters which did not arise within 20 days of April 18, 2005. Bowden, 106 F.3d at 437 ("Complainants must timely exhaust [their] administrative remedies before bringing their claims to court."); Maceda v. Billington, No. 01-461 (RMC), 2005 WL 691813 (D.D.C. March 24, 2005) (holding, in light of National Railroad

Passenger Corp. v. Morgan, 536 U.S. 101 (2002), that retaliation claims, like discrimination

claims, must be fully exhausted as a prerequisite to suit.).

     In other words, because plaintiff failed to file an EEO complaint in either 2002 or 2004

when her pay was reduced after her temporary promotions expired, she may not be heard to

complaint about those things now.  In fact, the only allegation in the complaint which falls within

twenty days of plaintiff's sole contact with the EEO office is her allegation that her position as

Assistant Director was abolished along with the two other Assistant Director positions on March

31, 2005.  See Complaint, ¶ 26.

### C.    Plaintiff Has Failed to Identify an Adverse Action to Sustain Either a Disparate Treatment or Retaliation Claim

     To establish a prima facie case of disparate-treatment gender discrimination under Title

VII, a plaintiff must show that:  "(1) [s]he is a member of a protected class; (2) [s]he suffered an

adverse employment action; and (3) the unfavorable action gives rise to an inference of

discrimination." Stella v. Mineta, 284 F.3d 135, 144-45 (D.C. Cir. 2002); see also McDonnell

Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Likewise, to establish a prima facie case of

retaliation a plaintiff must demonstrate: (1) that she engaged in statutorily protected activity, (2)

that the employer took an adverse personnel action; and (3) that a causal connection existed

between the two.  See Mitchell v. Baldrige, 759 F.2d 80, 86 (D.C. Cir. 1985) (quoting McKenna

v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984)); see also Carney v. American Univ., 151

F.3d 1090, 1094 (D.C. Cir. 1998); Thomas v. National Football League Players Ass'n, 131 F.3d

198, 202 (D.C. Cir. 1997).[5]  The employment decision must inflict "objectively tangible harm." Russell v. Principi, 257 F.3d 815, 818 (DC. Cir. 2001).

In Brown v. Brody, 199 F.3d 446 (D.C. Cir. 1999), the Court of Appeals for this Circuit recognized that a "common element for discrimination and retaliation claims against federal employers, and private employers, is . . . some form of legally cognizable adverse action by the employer." Id. at 453.  In Brown, the Court held that to state a discrimination or retaliation claim under Title VII, a plaintiff must demonstrate that he or she has suffered "materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." Id. at 457.  Specifically, to meet the "adverse personnel action" requirement, the plaintiff must make a "clear showing" of a "material adverse employment action," such as "'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Id. at 454-57 (citing Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986), and quoting Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998)) (other citations omitted).  Based on this definition, this Circuit held in Brown that the plaintiff's claims regarding an involuntary lateral transfer, the denial of a bid for a desired transfer, a "fully satisfactory" evaluation and a letter of admonishment, did not rise to the level of adverse personnel actions. Id. at 455-58.  The requirement of an adverse employment action has been reaffirmed by the Circuit on several

_____

[5]  Although the statutes identify different protected activities, the elements are the same for plaintiff's retaliation claims under both Title VII and the FLSA.  See Grey v. City of Oak Grove, Missouri, 396 F.3d 1031, 1034-35 (8th Cir. 2005) (applying the *McDonnell Douglas Corp.* framework to claim of unlawful retaliation under the FLSA).

occasions.  See Forkkio v. Powell, 306 F.3d 1127, 1131 (D.C. Cir. 2002); Stella v. Mineta, 284

F.3d a135, 142 (D.C. Cir. 2002); Russell v. Principi, 257 F.3d 815, 817 (D.C. Cir. 2001)

(recognizing "the 'objective tangible harm' requirement, which guards against both judicial

micromanagement of business practices, and frivolous suits over insignificant slights") (internal

quotation omitted); Freedman v. MCI, 255 F.3d 840, 843 (D.C. Cir. 2001).[6]

Here, although plaintiff alleges that her position as Assistant Director for Bibliographic

Access was abolished (Complaint, ¶ 34), and alleges that she lost earnings and pay as a result,

she is incorrect.  The only change to her pay or benefits in 2005 was an **increase**.  See Hanratty

Dec. ¶ 13.  An increase in pay is simply not adverse.

Although plaintiff alleges that her position was "abolished," she also admits that she

remains employed in the same division in which she has worked for years.  Thus, it is clear that

what plaintiff is really complaining about is that her duties changed or were modified in some

fashion on March 31, 2005.  Changes in assignments or work-related duties do not ordinarily

constitute adverse employment actions if "unaccompanied by a decrease in salary or work hour

changes." Mungin v. Katten Muchin & Zavis, 116 F.3d 1549, 1556-57 (D.C. Cir. 1997).  There

has been no decrease in salary and plaintiff does not allege that her work hours have changed at

all.  Hanratty Dec. ¶¶ 13-14.  That plaintiff may be less than fully satisfied with whatever

changes in her duties happened in March 2005 is an insufficient basis for a claim because "[n]ot

everything that makes an employee unhappy is an actionable adverse action." Smart v. Ball State

---

[6] The Supreme Court recently granted *certiorari* in a case from the United States Court
of Appeals for the Sixth Circuit involving the question of what constitutes an adverse action
under Title VII:  Burlington Northern & Sante Fe R. Co. v. White, No. 05-259 (cert. granted Dec.
5, 2005).

Univ., 89 F.3d 437, 441 (7th Cir. 1996).  Purely subjective injuries, such as dissatisfaction with

reassignment or unhappiness over assigned duties are not adverse actions.  See Forkkio, 306 F.3d

at 1130-31.

Accordingly, plaintiff's claims in Counts I, II, and III all fails for lack of an adverse action

and should be dismissed.  Fed. R. Civ. P. 12(b)(6); see e.g., Brody, 199 F.3d at 452 (a common

element required for discrimination and retaliation claims is some form of legally cognizable

adverse action by the employer).

### D.    Even If Duty Changes Were an Adverse Action, No Inference of Sex Discrimination or Retaliation Is Possible

Even if it were true that the supposed abolition of Assistant Director position amounted to

an adverse action, no inference of any connection to plaintiff's sex or protected activity is

possible because plaintiff admits that the two other Assistant Director positions allegedly

abolished on the same date were held by males whom she fails to allege ever engaged in any

protected activity.  See Complaint, ¶ 24.  Identical treatment of persons outside the protected

class dooms plaintiff's claim in Count I of the complaint.  See McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 802-05 (1973) (third element of prima facie case required plaintiff to show

that similarly situated employees not within the same class were not subjected to the same action

by the employer); Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1288 (D.C.Cir.1998) (en banc);

see also Stella, 284 F.3d at 145.  Indeed, the very essence of plaintiff's complaint (both here and

in the complaint she filed in the Court of Federal Claims) is that she was paid less than these two

men for the same or substantially the same work.  See Complaint, ¶¶ 24-25.  As the D.C. Circuit

has held, "[i]n some cases, it is possible for a plaintiff to plead too much; that is, to plead himself

- 11 -

out of court by alleging facts that render success on the merits impossible." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1116 (D.C. Cir. 2000). Such is the case here, and Counts I, II, and III should be dismissed. Fed. R. Civ. P. 12(b)(6).

### E.    Plaintiff's Retaliation Claims Also Fail for Lack of Causation

Quite apart from the absence of any genuine adverse action – which bars her retaliation claims – plaintiff also cannot show that the change in her duties was caused by her raising complaints under Title VII and the Equal Pay Act.

In the absence of direct evidence of retaliation the McDonnell-Douglas framework is used to analyze retaliation claims. Lathram v. Snow, 336 F.3d 1085 (D.C. Cir. 2003). As noted above, one of the elements of any retaliation claim is causation. See also id. But as also demonstrated above, plaintiff suffered no diminution in her pay or benefits after she alleges that she complained about the perceived inequity between her pay and that two of her male colleagues. But, equally fatally, plaintiff concedes that those two male colleagues also had their duties modified in the same manner and at the same time as hers, and she does not allege that either man ever complained or supported her complaints under Title VII or the Equal Pay Act. As a result, no inference of causation arises because two people without protected activity were treated just the same as plaintiff.

To the extent that plaintiff's retaliation claims are grounded on the Library's dismissal of her complaints or failure to capitulate to them, the causation element of retaliation cases remains wholly unsatisfied because the constant refrain of her Complaint is that she was **always** relatively underpaid – both when she was temporarily paid more in September 2002 and February 2004 and continuing to the present. In other words, plaintiff has actually failed to allege that her protected

activity was related to her letter to the Librarian or her EEO complaint because she avers that her pay was constantly unfairly low, and not that it was affected by or lowered after she undertook protected activity.  The fact that this remains plaintiff's story throughout a long period of her employment sharply undercuts any inference of a relationship between the protected activity and her pay.

Furthermore, to the extent that plaintiff's retaliation claims are grounded on the Library's dismissal of her complaints or failure to capitulate to them, the causation element of retaliation cases remains wholly unsatisfied and is not actionable.  As this Court has recognized explicitly:

> the only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial <u>de novo</u>.

<u>Packer v. Garrett</u>, 735 F. Supp. 8, 9-10 (D.D.C. 1990), <u>aff'd</u>, 959 F.2d 1102 (D.C. Cir.) (table), <u>cert. denied</u>, 506 U.S. 918 (1992); <u>see also</u> <u>Anthony v. Bowen</u>, 848 F.2d 1278 (D.C. Cir. 1988) (denying claim for attorney's fees under Title VII where fees were incurred to challenge processing of EEO complaint), <u>cert. denied</u>, 489 U.S. 1011 (1989).  So whatever problems plaintiff attributes to defendant's response to either her letter to the Librarian or her filing of an EEO complaint, they cannot form the basis of a separate claim for damages.

### F.     Plaintiff's Letter to the Librarian Does Not Amount to Protected Activity Under 29 U.S.C. § 215(a)(3)

There is yet another independent reason for dismissing Count III.  Even assuming that plaintiff could make out an adverse action and somehow show that it was caused by her "assert[ion of] her right to receive a salary and benefits equal to those of Defendant's male employees" (Complaint, ¶ 38), her informal complaint within the Library is not protected activity

within the coverage of the provision of the Fair Labor Standards Act ("FLSA") provision which

protects employees from certain kinds of retaliation for complaining about violations of the

Equal Pay Act.  See Complaint, ¶ 40.

Title 29, Section 215(a)(3) of the United States Code provides that it "shall be unlawful

for any person:

> to discharge or in any other manner discriminate against any employee because
> such employee has filed any complaint or instituted or caused to be instituted any
> proceeding under or related to this chapter, or has testified or is about to testify in
> any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).  The United States Court of Appeals for the District of Columbia Circuit

has not yet addressed the scope of this provision which, on its face is significantly narrower than

its counterpart under Title VI which makes it unlawful:

> for an employer to discriminate against any of his employees . . . because he has
> opposed any practice made an unlawful employment practice by this subchapter,
> or because he has made a charge, testified, assisted, or participated in any manner
> in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).  However, two other federal appeals courts have found that making

internal complaints to the employer about a violation of the FLSA, which includes the Equal Pay

Act, is not protected activity because the statute requires the "filing of a complaint" which is

generally done with a state agency or otherwise.  Ball v. Memphis Bar-B-Q Co., 228 F.3d 360,

363-65 (4th Cir. 2000); Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993), cert. denied,

511 U.S. 1052 (1994).  These courts reasoned that the plain language of the statute identifies the

protected activity and contrasts markedly with Title VII's provision.  See Ball, 228 F.3d at 364;

Lambert, 10 F.3d at 55.

- 14 -

Although other courts have dissented from the view that making an internal complaint under the FLSA is not covered by its anti-retaliation provision, the analysis of the Second and Fourth Circuits is more persuasive because it is grounded in manifest differences between the two statutes.[7]  Congress knows how to draft broad provisions when it elects to do so.  The rationale offered by courts finding that the provision is broader than written appears to be based primarily on vaporous notions that the Supreme Court has indicated that the FLSA should not be interpreted too narrowly and stressed that the anti-retaliation provision is important.  See, e.g., Valerio v. Putnam Associates, Inc., 173 F.3d 35, 41-44 (1st Cir. 1999); EEOC v. White & Son Enter., 881 F.2d 1006, 1011-12 (11th Cir. 1989); Lambert v. Ackerley, 180 F.3d 997, 1004 (9th Cir. 1999), cert. denied, 528 U.S. 1116 (2000).  Interpreting the anti-retaliation provision of the FLSA to be more like the one in Title VII, as these courts have effectively done, is improper because it ignores the differences.  Bates v. United States, 522 U.S. 23, 29 (1997) ("[W]e ordinarily resist reading words or elements into a statute that do not appear on its face.").  Applying the statute as written means that plaintiff's sending a letter to the Librarian is not protected activity and she fails to satisfy any of the elements of a claim under Count III.

Moreover, although defendant would not dispute that plaintiff's filing her complaint in the Court of Federal Claims on April 14, 2005 was protected activity within the meaning of the FLSA's anti-retaliation provision, that activity came after the change in plaintiff's duties.  As

----

[7]  See, e.g., Valerio v. Putnam Associates Inc., 173 F.3d 35 (1st Cir. 1999); Brock v. Richardson, 812 F.2d 121 (3d Cir. 1987); EEOC v. Romeo Cmty. Schools, 976 F.2d 985 (6th Cir. 1992); Brennan v. Maxey's Yamaha, Inc., 513 F.2d 179 (8th Cir. 1975); Lambert v. Ackerley 180 F.3d 997 (9th Cir. 1999), cert. denied, 528 U.S. 1116 (2000); Conner v. Schnuck Markets, Inc., 121 F.3d 1390 (10th Cir. 1997); Love v. RE/MAX of Am., Inc., 738 F.2d 383 (10th Cir. 1984); EEOC v. White & Son Enter., 881 F.2d 1006 (11th Cir. 1989).

such, the filing of that complaint cannot logically serve as the basis for a retaliation claim.  See,

e.g., Trawick v. Hantman, 151 F. Supp. 2d 54, 63 (D.D.C. 2001) (finding that no reasonable juror

could conclude that a termination was retaliatory where the termination was proposed before the

EEO activity), aff'd, No. 01-5309, 2002 WL 449777 (D.C. Cir. Feb. 21, 2002).  Accordingly,

Count III fails to state a claim upon which relief can be granted and should be dismissed because

plaintiff did not engage in any protected activity until after the action she complains was

retaliatory.  Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For all the foregoing reasons, defendant respectfully requests that the Court grant his

motion to dismiss or for summary judgment and that, based on such, dismiss plaintiff's

complaint in its entirety and with prejudice.

Dated: December 15, 2005.

Respectfully submitted,


/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


/s/_____
JANE M. LYONS, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

OF COUNSEL:
Evelio Rubiella, Assistant General Counsel
Library of Congress