Hughes
Mickle



FILED
APR 1 4 2005
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 05-472C

JUDITH A. MANSFIELD

v.

UNITED STATES OF AMERICA

NOTICE OF ASSIGNMENT TO:

Judge Mary Ellen Coster Williams

   Pursuant to Rule 40.1, this case has been assigned to the above Judge for the conduct of proceedings pursuant to the rules of this court. Careful consideration and observance by counsel of the rules of the court and the orders of the judge applicable to the various steps required for the prosecution of the case will enable the judge and the clerk of court to assist counsel in the expeditious disposition of the case with a minimum of time and expense. Counsels' attention is called to Appendix A of the Rules of the United States Court of Federal Claims, which govern proceedings before trial, and has application in every case unless an order is entered providing otherwise. As to the duplication, form and size requirements and number of copies of papers to be filed, see Rule 5.3. As to service, see Rule 5.1.

   Also, counsels' attention is called to Appendix H that implements three methods of Alternative Dispute Resolution: Settlement Judges, Mini-Trials, and Third-Party Neutrals. The methods are both voluntary (i.e. both parties must agree to use the procedures) and flexible, and should be employed early in the litigation process.

   The United States is requested to promptly file written notification of the name, address and telephone number of assigned counsel in accordance with Rule 83.1(c)(3) and (5).

   Pursuant to Rule 5.3(g): "In pleadings and papers other than the complaint, the name of the judge assigned to the case shall be included under the docket number."

*Brian Bishop*
Brian Bishop, Clerk

154-05-472

DEPARTMENT OF JUSTICE

N E W
SEND TO FILES PROMPTLY AFTER ACTION. THIS ITEM AUTHORIZES JACKETING OF FILE MATERIAL DO NOT FILE IN OFFICE FILES

C7  APR 1 9 2005

UNITED STATES COURT OF FEDERAL CLAIMS

**FILED**
APR 1 4 2005
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| **JUDITH A. MANSFIELD**<br>5143 Yuma Street, NW<br>Washington, DC 20016<br><br>       Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-472C<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
(Equal Pay Act)

COMES NOW the Plaintiff, Judith A. Mansfield, by and through her attorneys, Webster, Fredrickson & Brackshaw, and for her Complaint in the above-captioned action states to this Honorable Court as follows:

### PARTIES

1. Plaintiff Judith A. Mansfield is an adult female citizen of the District of Columbia and has been employed by the Library of Congress continuously since 1969.

2. Defendant is the United States of America. The Library of Congress ("Library") is explicitly covered by § 203(e)(2)(A)(v) of the Equal Pay Act, a part of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, as a public agency of the United States Government.

### JURISDICTION

3. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1491(a)(1).

1

## CAUSE OF ACTION

4. Beginning in 2002, and ongoing since, Plaintiff has been employed in a number of jobs at the Library of Congress which require the same skill, effort, and responsibility as jobs held by male employees of the Library. Defendant has paid Plaintiff less than her male counterparts for the same work. This course of conduct has been knowing and willful and violates the Equal Pay Act, 29 U.S.C. § 206(d).

## FACTS GIVING RISE TO RELIEF

5. Since July 1, 1969, Plaintiff has been employed by the Library of Congress in a series of jobs of increasing skill and responsibility.

6. Pursuant to a competitive selection process, Plaintiff became the Chief of the Arts and Sciences Cataloging Division on May 1, 1998 at Grade GS-15. In this capacity, Plaintiff reported directly to Mr. Beacher Wiggins, a male employee of the Library of Congress who served as the Director for Cataloging and who was employed by the Library of Congress as a Senior Level employee in the Library's Senior Level Executive System.

7. In 2002, Mr. Wiggins was appointed Acting Associate Librarian for Library Services.

8. In September, 2002, Plaintiff was promoted to the position of Acting Director for Cataloging for a period not to exceed 120 days and she was moved from the GS-15 pay level to the Senior Level pay plan for this same time period.

9. The Library's Senior Level Executive System has a minimum and maximum pay range as set by law. The minimum and maximum basic pay rates are linked to the General Schedule. Specifically, the minimum basic pay rate is 120 percent of the salary of a GS-15/1 for the SL-1 level, and the maximum basic pay rate is 162.44 percent of the salary of a GS-15/1 for the SL-4 level. The

2

Senior Level Executive System provides for other forms of compensation as well.

10. At the end of the 120 day period, Defendant removed Plaintiff from the Senior Level pay plan and returned Plaintiff to a GS-15 pay status. Despite the reduction in her pay, Plaintiff continued to serve as Acting Director for Cataloging and perform all of the duties of the position to which she had been appointed.

11. Throughout the time Plaintiff held the position of Acting Director for Cataloging, Plaintiff performed the exact same duties as her male predecessor, Mr. Wiggins (who had been paid at the Senior Level), and the job required the same skill, effort, and responsibility as the job had required of Mr. Wiggins.

12. In February, 2004, Defendant returned Plaintiff to the Senior Level pay plan for a 120 day period ending in June, 2004. On June 9, 2004, Defendant returned Plaintiff to a GS-15 pay status, and Defendant has continued to pay her in that status.

13. At all times during which Plaintiff served as Acting Director for Cataloging, including the two 120 day periods during which Plaintiff was paid on the Senior Level, Plaintiff was paid well below the rate of her male predecessor and other male employees who performed similar duties.

14. While she served as Acting Director for Cataloging, Plaintiff also retained her position as Chief of the Arts and Sciences Cataloging Division.

15. In April 2003, a position classification specialist engaged by the Library completed an audit of the eight Division Chief positions in the Cataloging Directorate within Library Services of the Library of Congress.

16. As a result of the audit, the position classification specialist determined that the position of Chief of the Arts and Sciences Cataloging Division was substantially equal in functional

3

responsibilities, as well as budget, staff, and nature of managerial responsibility, to two other Division Chief positions within the Cataloging Directorate which were currently Senior Level positions. One of these Senior Level positions, Chief of the Regional and Cooperative Cataloging Division, is and was then held by Mr. John D. Byrum, Jr., a male who was paid substantially more than Plaintiff. The division chief positions held by Plaintiff and Mr. Byrum require substantially equal skill, effort, and responsibility.

17. Following the audit, on April 25, 2003, the Acting Associate Librarian for Library Services recommended that the Library reclassify the position of Chief of the Arts and Sciences Cataloging Division (the position held by Plaintiff) to the Senior Level, because this position is substantially equal to the two other Division Chief positions within the Cataloging Directorate which were graded at the Senior Level.

18. In July, 2003, the Library's Director of Human Resources decided to delay action on the recommended reclassification. To date, the Library has not made a decision on the request for reclassification. As a result, Plaintiff has been paid less than a male employee in a position requiring equal skill, effort, and responsibility.

19. In August 2004, Defendant realigned Library Services, and three Assistant Directors were appointed to jobs with substantially similar duties. Plaintiff was appointed Assistant Director for Bibliographic Access. Defendant appointed Steve Herman as Assistant Director for Collections Management and Mark Dimunation as Assistant Director for Special Collections and Services. Yet, Mr. Herman and Mr. Dimunation, two male employees of the Library, were paid at the Senior Level, while Plaintiff was paid at the GS-15 level.

20. As an Assistant Director, Plaintiff performed substantially the same job duties as Mr.

Herman and Mr. Dimunation, and all three positions require the same skill, effort and responsibilities. Plaintiff has been paid far less than her male counterparts for the same work.

21. In August, 2004, Plaintiff was informed that new position descriptions would be provided for the Assistant Director positions. In October, 2004, when no new position description had been provided, Plaintiff informed her supervisor, Mr. Wiggins, of this fact and the fact that the two male Assistant Directors were paid at the Senior Level. In a second conversation in October, 2004, Plaintiff stated to Mr. Wiggins that paying her at the GS level while the two male Assistant Directors were paid at the Senior Level violates the Equal Pay Act. In subsequent conversations between October, 2004 and March 2005, Plaintiff stated to Mr. Wiggins that the manner in which the Library paid her in comparison to her male counterparts violated the Equal Pay Act.

22. On March 15, 2005, having obtained no resolution through her immediate supervisor, Plaintiff hand delivered a letter to the Librarian of Congress in which she stated: "My compensation at a lower grade for Senior Level work is clearly unfair and illegal. My pay is lower than that of employees of the opposite sex, while performance of my work requires skill, effort, and responsibility that is equal to that of Senior Level employees of the opposite sex, working under similar conditions in the same establishment. This is a continuing violation of the Equal Pay Act of 1963, as well as a violation of Title VII of the Civil Rights Act of 1964." Plaintiff also requested a response within 10 business days.

23. Rather than remedy the unequal payment for equal work, on March 31, 2005, the Library informed Plaintiff that her position of Assistant Director was abolished, along with the other two Assistant Director positions.

24. Since September of 2002, first as Acting Director for Cataloging and then as Assistant

Director for Bibliographic Access, Plaintiff has served as the immediate supervisor of Mr. Byrum, the male Chief of the Regional and Cooperative Cataloging Division and a Senior Level employee of the Library.

25. As the immediate supervisor of this Senior Level male employee, Plaintiff's work has been substantially equal to that of an employee of the opposite sex and the performance of her job has required at least as much (if not more) skill, effort, and responsibility as the work required of Mr. Byrum. Throughout this period, Plaintiff has been paid substantially less than Mr. Byrum.

26. The treatment accorded Plaintiff by Defendant as specified above has violated and continues to violate the Equal Pay Act, 29 U.S.C. § 206, in that Defendant willfully failed to pay Plaintiff salary and benefits equal to those of Defendant's male employees who have had and have jobs that are similar or substantially similar in terms of required skill, effort, and responsibility. Defendant did not act in good faith and did not have reasonable grounds for believing that no violation of the Equal Pay Act was occurring.

27. As a direct and proximate consequence of Defendant's unlawful acts and failures to act, Plaintiff suffered and continues to suffer lost back pay and lost benefits.

\*        \*        \*

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

1. Enter judgment on her behalf against Defendant;

2. Award Plaintiff Mansfield back pay and other benefits, liquidated damages, and all other damages as appropriate;

6

3. Instate Plaintiff Mansfield into the Senior Level Executive System retroactively with all attendant benefits, and award front pay until Defendant instates Plaintiff into an appropriate position;

4. Award Plaintiff Mansfield her court costs, expenses, attorneys' fees, prejudgment interest and post-judgment interest;

5. Declare that Defendant's conduct is in violation of the Equal Pay Act of 1963, as amended;

6. Award Plaintiff compensation for any additional tax burden that will be incurred were it not for the discriminatory treatment to which she was subjected; and

7. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

_____
Judith A. Mansfield

WEBSTER, FREDRICKSON & BRACKSHAW

_____
Bruce A. Fredrickson

_____
Cedar P. Carlton
1775 K Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510
(202) 659-4082 (Fax)
Attorneys for Plaintiff

7

## VERIFICATION

I, Judith A. Mansfield, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

Judith A. Mansfield

Subscribed and sworn to before me this ___ day of April, 2005.

Notary Public

My Commission Expires:

GAIL M. KIEN
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 14, 2005

8