Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 1 of 18

2010-3.1

*Important Notice:* **To ensure that you are viewing the most recent version of a Library regulation or other material on the OGC Web site, Internet Explorer users should click the "Refresh" button. Netscape, Firefox, and Safari users should click the "Reload" button.**

*LIBRARY OF CONGRESS REGULATIONS*

## LCR 2010-3.1

**SUBJECT: Resolution of Problems, Complaints, and Charges of Discrimination in Library Employment and Staff Relations Under the Equal Employment Opportunity Program**

| SERIES: 2010<br>Employment and Assignments | STATUTORY AUTHORITY:<br>2 U.S.C. §136 | RESPONSIBLE OFFICE:<br>Human Resources Services |
|---|---|---|
| ISSUE DATE:<br>September 28, 1984 | REVIEW DATE:<br>September 28, 1986 | SUPERSEDES:<br>April 20, 1983, issuance of page 1 of LCR 2010-3.1 |

**Contents:**

Section 1. Purpose  
Section 2. Policy  
Section 3. Assignment of Responsibilities  
Section 4. Precomplaint Procedures  
Section 5. Filing and Presentation of Complaints  
Section 6. Acceptance of Complaints  
Section 7. Termination of Complaints  
Section 8. Investigation of Complaints  
Section 9. Adjustment of Complaints and Offer of Final Agency Decision and/or Hearing  
Section 10. Hearing  
Section 11. Final Agency Action  
Section 12. Third Party Allegations  
Section 13. Remedial Actions  
Section 14. Administrative Provisions  

## Section 1. Purpose

This Regulation states the Library's policies and procedures for the resolution of problems, complaints, or charges relating to discrimination, as defined in Section 2.A. of LCR 2010-2, <u>Policy of Non-Discrimination in Library Employment and Staff Relationships under the Equal Employment Opportunity Program</u>, received from individuals or groups in the Library or from applicants for employment.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU     Document 8-8     Filed 12/15/2005     Page 2 of 18

**Section 2. Policy**

A. It is the policy of the Library to provide an impartial and expeditious counseling and investigatory activity as part of the Equal Employment Opportunity Program, which shall assure access by all staff and attempt prompt solution to problems, complaints, or charges of discrimination based on grounds of race, color, religion, sex, national origin, age, physical or mental handicap, or sexual harassment. All staff members shall cooperate in providing information and consultation, and supervisors shall allow an adequate amount of official time for solutions to equal opportunity problems. Conciliation and resolution of complaints shall be sought by all parties concerned at all stages of the process provided for in this Regulation.

B. Should discrimination be found and/or charges of discrimination sustained under this Regulation, disciplinary action against those responsible shall be taken when it is appropriate.

C. Where it has been determined that remedial action is appropriate, it shall be provided within the law and Library Regulations.

**Section 3. Assignment of Responsibilities**

A. Equal Employment Opportunity Complaints Office (EEOCO)

The EEOCO shall be responsible for developing and executing the program and procedures for the resolution of complaints and charges of discrimination, including the hearing procedures. It shall operate under the general guidance of the associate Librarian for Management, who provides direction to the Chief, EEOCO, who in turn, directs the EEOCO staff. Any conflicts which staff members may have between their duties as Equal Opportunity Officers and Counselors and their official positions shall be resolved by the Chief.

B. The Chief, Equal Employment Opportunity Complaints Office (EEOCO)

The Chief, EEOCO (hereinafter "Chief"), provides leadership for the EEOCO and shall review findings and recommendations of the EEOCO and attempt resolution of complaints. With respect to all third party problems, complaints or charges, and those of outside applicants, his/her decision shall be a final agency decision. Where the Chief does find discrimination, he/she is hereby authorized to take any appropriate remedial action he/she deems necessary. In any case where the EEOCO or members thereof are charged in a complaint(s) filet with the EEOCO, The Associate Librarian of Congress shall be substituted for the Chief in all references in this Regulation.

C. Assistant Chief, Equal Employment Opportunity Complaints Office

Through close association with the Chief, Library staff members, and Library organizations, the Assistant Chief, EEOCO (hereinafter "Assistant Chief"), shall direct the EEOCO Program. He/she shall have the authority to direct that personnel actions involved in an allegation of discrimination be suspended for a period not to exceed 10 workdays from the date of the request. If an extension beyond this time is desired, such extension shall be approved by the Director of Personnel. The Assistant Chief

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 3 of 18

shall furnish data and statistics, initiate studies, develop and implement uniform procedures, participate in recommendations in discrimination cases, counsel the EEOCO staff and other Library officers, and assist the hearing examiners as needed.

D. Equal Opportunity Officers

Equal Opportunity Officers (hereinafter "Officers") shall be available for consultation by Counselors. The Officers shall review, process and attempt resolution of problems or complaints referred by the Assistant Chief, and they shall make findings and recommendations thereon. In addition, they shall handle precomplaints and complaints by third parties and groups. The Officers shall act for the Assistant Chief as assigned. They may also assist the Assistant Chief or the Chief in special studies and planning relating to the Program.

E. Equal Opportunity Counselors

The Equal Opportunity Counselors (hereinafter "Counselors") shall be available to any staff member or qualified applicant who wishes to state the belief, and reasons therefore, that he/she is being or has been discriminated against. The Counselors shall inquire into such allegations, assist a complainant and management, and seek resolution of such matters on as informal and confidential a basis as possible. Counselors shall prepare all necessary records and they shall report promptly, in writing, to the Assistant Chief as required by this Regulation.

F. Equal Opportunity Investigators

Equal Opportunity Investigators (hereinafter "Investigators") are responsible for investigating assigned complaints pursuant to the procedures set out in Section 8.B., below.

G. Supervisors

It is the responsibility of department heads, division chiefs, and immediate supervisors to make the contents of this Regulation available to their staff members. In addition, supervisors shall be responsible for notifying the EEOCO immediately of any allegations of discrimination brought to their attention from within their jurisdiction. They also shall be responsible for cooperating with the EEOCO in its investigation, and they shall take or recommend remedial measures where possible in order to resolve specific cases.

H. The Librarian

The Librarian or his/her designee (hereinafter "The Librarian") will make the final agency decision on all complaints appealed from a decision by the Chief, with or without a hearing. (See Sections 9 and 11, below.) All authority not herein delegated under this Regulation is reserved to The Librarian.

## Section 4. Precomplaint Procedures

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 4 of 18

This Section shall apply to individual problems or charges of discrimination only. General allegations of discrimination filed by organizations or third parties shall be considered third party allegations and provisions for processing the same are provided for in Section 12, below. The precomplaint procedures are as follows:

A. A staff member, or qualified applicant, who believes that he/she has been, or is being, discriminated against, and who wishes to resolve the matter, shall notify and consult with a Counselor not later than 20 workdays after the date of the alleged discriminatory matter. The counseling process shall be informal and at the request of the complainant confidential. The name of the complainant may be used only with his/her permission. The allegation need not be in writing.

B. The time limitation for notifying the Counselor may be extended upon written request to, and approval of, the Assistant Chief. In such a request, the complainant shall cite justification for the delay. The Assistant Chief's reply shall be in writing. The Assistant Chief shall extend the time limits upon his/her prior determination that the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits.

C. After recording the initial counseling date, the Counselor shall make whatever inquiry into the matter he/she considers necessary, with the aim of assisting the complainant and management in defining and understanding the problem or charge. He/she also shall seek to resolve the problem on an informal basis to the satisfaction of all parties. The Counselor shall keep a record of his/her counseling activities. Where the Counselor concludes that a matter does not involve discrimination, as defined by Section 2.A. of LCR 2010-2, he/she shall advise the complainant of such conclusion within the time period and pursuant to the procedures set out in Section 4.D., below. Should the Counselor recognize, however, that there is in the problem a matter requiring other management attention, he/she shall refer the complainant to the appropriate Library officer.

D. Insofar as is practicable, the Counselor shall conduct a final interview with the complainant not later than 15 workdays after the initial counseling date. If, at that time, the Counselor has not resolved the matter to the satisfaction of the parties, he/she shall notify the complainant, in writing, of his/her right to file a complaint at any time after receipt of the said notice up to 10 workdays therafter, and the appropriate official with whom to file the complaint. A copy of the notice shall be sent to the Assistant Chief. The Counselor shall not restrain a complainant from filing a complaint nor shall the Counselor restrain a staff member charged from independently seeking counsel or otherwise exercising his/her right to defend himself/herself against charges of discrimination. In carrying out his/her responsibilities under this Section, the Counselor shall have the full cooperation of all staff members, and he/she shall be free from restraint, interference, coercion, or reprisal in connection with the performance of these duties.

E. When advised by the Assistant Chief that a complaint of discrimination has been filed, the Counselor shall submit a written report to the Assistant Chief, with a copy of the same to the complainant, summarizing the counseling advice he/she gave the complainant and management officials. If the Counselor had been able to propose a solution which he/she considered to be equitable, and where the complainant or management refused to accept that solution, offering no reason(s) which the Counselor considered justifiable, the Counselor shall make a record of this in his/her report. Where such refusal was by the complainant, the record may serve as the basis for acceptance or rejection of a complaint by

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 5 of 18

the Assistant Chief (see Section 6.F., below). Where such refusal was by management, the reason(s) for the refusal shall be stated in writing; the Assistant Chief may then take the matter and the pertinent files directly to the Chief for a decision on implementing appropriate corrective action immediately.

## Section 5. Filing and Presentation of Complaints

A. In pursuing all processes under this Regulation, a complainant and any staff member(s) charged, as well as their representatives, shall be free from restraint, interference, coercion, or reprisal. The complainant and any staff member(s) charged shall each have the right to be accompanied, represented, and advised by a representative of their own choosing. Subject to the provisions of Section 5.B., below, a staff member may serve as the representative for a dissatisfied staff member or staff member(s) charged; however, he/she may so represent a non-staff member complainant only while on his/her own time.

B. Dissatisfied staff members or staff members charged shall be permitted to have as their representative a particular staff member of the Library, provided that said staff member consents and that such representation would not result in a conflict of interest. Dissatisfied staff members, staff members charged, and their representatives shall be permitted to have a reasonable amount of official time for consultation and/or preparation and presentation or defense of a complaint.

C. Should issues develop over these rights, they shall be resolved by the Assistant Chief. In resolving conflicts, the Assistant Chief may seek information and/or advice from appropriate Library officers or staff members.

D. The complainant shall submit his/her complaint in writing on Form 16-5a, <u>Complaint of Discrimination</u>. A complaint may be submitted by a complainant's representative, and in such instances, a written designation of representation, signet by the complainant, shall be attached to the complaint when filed. In all cases, whether filed by the complainant or by his/her representative, the complaint shall be signed by the complainant.

E. Complaints shall be addressed to the Assistant Chief and submitted to the EEOCO in person or by U.S. mail. Complaints shall be deemed filed on the date they are delivered to and received by the Assistant Chief, or if sent by U.S. mail, on the postmark date.

F. The Assistant Chief shall extend the time limits (see Section 4.B., above) for filing a complaint upon his/her prior determination that the complainant was prevented by circumstances beyond his/her control from submitting the complaint on time.

G. The Assistant Chief shall acknowledge acceptance of a complaint, using Form 16-3b, <u>Notice of Receipt and Acceptance of Discrimination Complaint</u>. Said acknowledgment shall be sent to the complainant or his/her representative and shall advise the complainant of his/her administrative rights and of his/her right to file a civil action, and it shall further inform him/her of the time limits imposed on the exercise of these rights.

## Section 6. Acceptance of Complaints

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 6 of 18

A. The Assistant Chief shall accept a complaint for processing under this Regulation only if the requirements of this Section are met.

B. Complaints which are within the purview of this Regulation and which are filed with the Assistant Chief shall be accepted for processing only if:

   1. The complaint is in writing, using Form 16-5a, and alleges, in sufficient specificity, discrimination on the basis of race, color, religion, sex, national origin, or age [to be entitled to file an acceptable complaint based on discrimination because of age, one shall be at least 40 years of age but less than 65 years of age at the time the action complained of occurred.]

   2. The complainant has brought to the attention of a Counselor the matter causing him/her to believe he/she was discriminated against, and he/she did so within 20 workdays after the date of the alleged discriminatory matter, or such extension of said time period as was granted under the provisions of Section 4.B., above; and

   3. The complainant or his/her representative has submitted the written complaint to the Assistant Chief within 10 workdays of the date of receipt of a final notice from a Counselor (see Section 4.D., above).

C. Complaints filed with the Assistant Chief shall be within the purview of this Regulation. In making that determination, the Assistant Chief shall be guided by the report of the Counselor and the allegation requirements of Section 6.B.(1), above.

D. If an allegation of discrimination is filed by a group of complainants reflecting an individual complaint which they have in common, and it otherwise satisfies the requirements of this Section, it shall be accepted for processing under this Regulation as a single complaint, with a joint investigation and, if necessary, a joint hearing (see Section 9.E., below). If the allegation filed by the group does not reflect an individual complaint which they have in common, it shall be treated as a third party allegation and processed under Section 12, below.

E. The Assistant Chief shall not accept a complaint that (1) is not filed on time (see Sections 4.D. and 5.E. above); or (2) contains allegations which to not come within the purview of this Regulation; or (3) contains allegations which set forth substantially identical matter as that which gave rise to a previous complaint, filed by the same complainant, which is pending in the Library or has been decided by the Library.

F. In addition to the above, the Assistant Chief shall not accept a complaint in which, under Section 4.E. above, the accompanying report of the Counselor leads the Assistant Chief to concur with that Counselor's proposed solution, because he/she finds it to be favorable to the complainant, equitable under the circumstances, and acceptable to management, and that the complainant has refused to accept that solution, offering no reason or no justifiable reason for refusal.

G. Where he/she has determined that a complaint will not be accepted, the Assistant Chief shall transmit that decision, along with the reason for such, in writing, to the complainant and his/her representative.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 7 of 18

That notice shall inform the complainant of his/her right to appeal that decision to the Chief within five workdays after his/her receipt of such. A copy of this written decision shall be sent to the Chief.

H. If the complainant wishes to appeal the Assistant Chief's decision not to accept his/her complaint, he/she shall file an appeal, in writing, with the Chief not later than five workdays after receiving the Assistant Chief's decision. The complainant's written appeal shall contain the reasons why his/her complaint should be accepted. The Chief shall make a final agency decision on acceptance of the complaint for processing and shall submit his/her decision, in writing, to the complainant and his/her representative not later than five workdays after receipt of the appeal. A copy of the Chief's written decision shall be sent to the Assistant Chief.

## Section 7. Termination of Complaints

A. If an adjustment of the complaint is reached, the terms of the adjustment shall be reduced in writing and made part of the complaint file, with a copy of the adjustment provided to the complainant. If the Library does not carry out or if it rescinds any action specified by the terms of the adjustment for any reason not attributable to acts or conduct of the complainant, the Library shall, upon the complainant's written request to the Assistant Chief, reinstate the complaint for further processing from the point processing ceased under the terms of the adjustment.

B. At any stage of the complaint process, a complainant may withdraw his/her complaint by giving written notice to the Assistant Chief that (l) he/she does not wish to proceed, or (2) he/she wishes to withdraw his/her complaint.

C. In instances in which the Assistant Chief has determined that a complainant, having had opportunity to do so, has failed to prosecute his/her complaint, the Assistant Chief may cancel a complaint, subject to the complainant's right to appeal such action.

D. Where he/she has made a decision to cancel a complaint, the Assistant Chief shall transmit that decision, along with the reasons for such, by letter to the complainant and his/her representative. That decision letter shall inform the complainant of his/her right to appeal the decision to the Chief within five workdays after the complainant's receipt of such letter.

E. Any appeal of the Assistant Chief's decision to cancel a complaint shall be filed by the complainant, in writing, with the Chief not later than five workdays after receipt by the complainant of such decision. In his/her appeal, the complainant shall state his/her reasons why the complaint should not be cancelled. The Chief shall make a final agency decision on retention of the complaint for processing and shall communicate such decision in writing to the complainant and his/her representative not later than five workdays after receipt of the appeal. A copy of the Chief's written decision shall be sent to the Assistant Chief.

F. Any cancellation action which is sustained by the Chief, or any voluntary withdrawal of a complaint by the complainant, shall preclude future refiling of the same complaint.

## Section 8. Investigations of Complaints

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 8 of 18

A. If a complaint is accepted, pursuant to the provisions of Section 6., above, the Assistant Chief shall give written notice to each individual charged and shall indicate that the individual has the right to representation under this Regulation. The Assistant Chief shall assign the case to an Officer, who shall conduct such initial inquiry or further review as is applicable, hear, if appropriate, any statement from any party, and resolve the matter, if possible. The complaint shall have sufficient specificity to enable the Officer to review the charges properly and effectively. The Officer may require such additional specificity as is necessary to proceed with his/her inquiry. All evidence in the complainant's possession shall be provided to the EEOCO. If the Officer cannot resolve the case within 10 workdays, the Officer shall request the Assistant Chief to assign an Investigator to the case.

B. Upon request of an Officer, the Assistant Chief shall assign the case to an Investigator, who shall investigate and submit a written report and the investigative file to the Officer assigned to the case within 30 workdays. The report shall detail the scope and content of the investigation, and the investigator shall report all information resulting from his/her investigation.

C. The Officer shall review the Investigator's report and the investigative file. He/she shall then make available to the complainant a copy of the report, a list of all witnesses interviewed, and a list of all documents in the file. The written findings of the Officer shall be submitted to the Assistant Chief no later than 10 workdays after the Officer has received the Investigator's report and the investigative file.

D. The Assistant Chief shall examine the written findings and the investigative file, resolve any further questions he/she may have, and prepare a written report containing his/her conclusions and recommendations. This report shall be completed within five workdays of receipt of the Officer's written findings and the investigative file.

E. The Assistant Chief shall submit the report and the complete file to the Chief, who may request from staff any additional information he/she may require.

F. In carrying out their responsibilities under this Section, the Assistant Chief, Officers, Investigators, and Library officials shall have the full cooperation of all staff members, and all shall be free from restraint, interference, coercion, and/or reprisal in connection with the performance of these duties.

**Section 9. Adjustments of Complaints and Offer of Final Agency Decision and/or Hearing**

A. Upon receipt, review and consideration of the investigative file and final recommendations of the EEOCO on a complaint, the Assistant Chief, or in his/her extended absence, his/her designee, shall:

  1. Remand the file for further consideration or action, giving his/her reason(s) for such decision; or

  2. Upon determining that there is no need to remand the file, attempt to resolve the matter; or

  3. Upon determining that resolution is not possible, adopt, modify, or reject the findings and recommendations of the EEOCO, giving his/her reasons for such decision.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU     Document 8-8     Filed 12/15/2005     Page 9 of 18

B.  The Chief shall notify in writing all parties of his/her decision not later than five workdays after his/her receipt (initial or following return on remand) of the investigative file and recommendations and findings of the EEOCO. If his/her decision is unfavorable to the staff member complainant personally or personally adverse to a staff member charged, the Chief shall advise said staff member of his/her right to reconsideration or appeal, as set out in Section 9.C., D., and E., below. With respect to third party complaints or those of outside applicants, the Chief's decision shall be a final agency decision, subject to any request for reconsideration as set out in Section 9.C.(1), below.

    C.

      1.  If a decision of the Chief is unfavorable to the complainant personally or personally adverse to a staff member charged, the complainant or staff member shall have the right to request reconsideration by the Chief within five workdays. Such a request, if made, shall be in writing and shall contain the reasons for the request. The Chief shall reconsider his/her decision upon receipt of any request so made, and he/she shall reply in writing to the request not later than five workdays after its receipt.

      2.  If the decision is unchanged, the Chief shall notify the complainant or the staff member charged in writing of (a) his/her right to a hearing by a hearing examiner with the final agency decision to be made by The Librarian, or (b) his/her right to a final agency decision by The Librarian without a hearing.

D.  A request for a hearing shall be submitted in writing and shall be filed with the Assistant Chief within five workdays after receipt of the Chief's initial or reconsidered decision. A request for a final agency decision by The Librarian without a hearing shall be filed in writing with The Librarian within five workdays after receipt of the Chief's initial or reconsidered decision.

E.  A group of staff members having a common complaint, as identified in Section 6.D., above, shall have the right to appeal the decision of the Chief to a hearing examiner for a joint hearing or to The Librarian for a final agency decision without a hearing.

## Section 10. Hearing

A.  The Assistant Chief shall receive all requests for hearings made pursuant to decisions of the Director on the merits of the complaint. The Assistant Chief shall be responsible for all preparations in support of the hearing.

B.  Upon receipt of a request for a hearing, properly and timely filed, the Assistant Chief shall request another Federal agency to provide the Library with a qualified hearing examiner.

C.  In addition to the above, the Assistant Chief shall:

    1.  Notify the Chief that a request has been filed for a hearing;

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU     Document 8-8     Filed 12/15/2005     Page 10 of 18

2. Deliver the investigative file to the hearing examiner;

3. Make available to the parties or their representatives copies of the investigative file; and

4. Make all other arrangements which may be necessary and which are required by the provisions of the Appendix to this Regulation.

D. The hearing itself is an adjunct to the investigative process, an administrative proceeding designed to provide a review of the evidence in the investigative file or the evidence submitted at the hearing, which shall result in advisory findings and recommendations. The hearing shall be conducted in accordance with the procedures described in the Appendix to this Regulation.

E. Following the hearing, the hearing examiner shall consider all documents in the investigative file, as well as the record of the hearing. He/she shall determine from his/her analysis and findings which charges are sustained and which are not sustained, giving his/her reasons for such determinations and his/her recommendations with respect thereto. Should he/she find that a charge has no basis in fact, he/she shall give reasons for such finding and his/her recommendation with respect thereto.

F. The hearing examiner shall transmit to The Librarian:

1. The complete file;

2. His/her written analysis of the matter which gave rise to the complaint and his/her advisory findings thereon; and

3. His/her written recommendations, including any remedial action where appropriate, with regard to the matter which gave rise to the complaint.

G. The hearing examiner shall notify the Assistant Chief and the parties in writing of the date that the file and his/her advisory findings, analysis, and recommendations are transmitted to The Librarian, and through the Assistant Chief, he/she shall provide them with copies of the advisory findings, analysis, and recommendations.

H. Should the hearing examiner encounter information during the course of the hearing having no direct bearing on the complaint or the environment in which the complaint developed but information which the examiner believes may be of interest or concern to the Library, he/she shall submit such information as he/she considers appropriate to The Librarian by separate letter, together with his/her advisory findings and recommendations.

## Section 11. Final Agency Action

A. When making a final agency decision without a hearing, The Librarian may, in his/her discretion, make a determination on the basis of the investigative file and/or by interviewing the complainant and the parties charged. In making such decisions, The Librarian may also consult with counsel or other Library

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 11 of 18

officers, provided that these persons have no substantive interest in his/her final decision. The Librarian will transmit to the parties or their representatives a written decision containing the specific reasons for that decision, and the remedial actions to be taken, if any.

B. Following a review and consideration of the hearing examiner's report, The Librarian will make a final agency decision on the complaint. This decision will be in writing and shall be transmitted to the appellant and his/her representative. Simultaneously, copies of this decision will be transmitted to the other party to the complaint and hearing, and to the Chief. The decision of The Librarian will adopt, modify, or reject the findings and recommendations of the hearing examiner. If the decision is to reject or modify the findings and recommendations, the decision letter shall set out the specific reasons for such rejection or modification. In making such decisions, The Librarian may consult with counsel or other Library officers, provided that they have no substantive interest in his/her final decision.

C. The Librarian will direct that remedial action(s) be taken as authorized by law or Library Regulations when his/her decision is that there has been discrimination. He/she also will take any other action he/she considers necessary to promote the policy of equal opportunity whether or not there is a finding of discrimination.

D. In instances in which The Librarian determines that there has been discrimination, he/she shall review the matter giving rise to the complaint to determine further whether disciplinary action against a discriminating staff member is appropriate, and he/she will record the basis for such determination. Where he/she determines that disciplinary action is warranted, he/she shall transmit that decision to the Director of Personnel for a further determination as to the appropriate disciplinary action, and for further implementation as provided by Section 11.E., below.

E. The Director of Personnel shall take such disciplinary action as he/she determines appropriate pursuant to his/her review and consideration of the hearing examiner's report and The Librarian's final decision thereon. Such disciplinary action shall be taken pursuant to the provisions of LCR 2020-3, <u>Policies and Procedures Governing Adverse Actions</u>. The staff member against whom disciplinary action is to be taken may request a hearing pursuant to the provisions of LCR 2020-4, <u>Hearing Procedures</u>.

F. The Librarian, and/or any party to the hearing, may request directly, within 10 workdays of receipt of the hearing examiner's report, reconsideration by the hearing examiner of his/her findings and recommendations. In so doing, the requester shall submit written evidence or argument which establishes that:

   1. New material evidence is available that was not readily available when the previous finding was issued; or

   2. The report contains a material erroneous interpretation of law or regulation or a material misapplication of established Library policy; or

   3. The report contains a material error of fact; or

   4. The recommendations in the report are of a precedential nature involving a new or unreviewed

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 12 of 18

policy consideration that may have effects beyond the actual case at hand.

G. The party submitting such request for reconsideration to the hearing examiner shall transmit copies of said request to all parties to the hearing, who may submit their comments thereon to the hearing examiner for consideration.

H. The hearing examiner shall accept all such requests which are properly made under Section 11.F., above. Upon acceptance, he/she shall reconsider his/her findings and recommendations with respect to the argument made in the request and any comments of others (Section 11. G., above) submitted thereon.

I. After a hearing examiner has reconsidered a case, he/she shall issue a second report in the same manner as the first report (see Section 10.E., above). The reconsideration report shall reply to the evidence or arguments submitted by a party seeking reconsideration and may contain other or revised findings and recommendations which the hearing examiner deems necessary to make.

J. Following a review and consideration of the hearing examiner's report on reconsideration, The Librarian will make the final agency decision, executing the requirements and procedures set out in Section 11. A., B., C., and D., above, to the extent that the same are applicable.

## Section 12. Third Party Allegations

This Section shall apply to general allegations by organizations, or other third parties, of discrimination in personnel matters within the Library which are unrelated to an individual complaint of discrimination. These shall be considered third party allegations and shall be processed as follows:

A. Such allegations shall be filed, in writing, directly with the Assistant Chief, who shall, upon accepting the same (Section 6., above), assign them to an Officer.

B. In so filing, the organization or other third party shall state the allegations with sufficient specificity so that the Officer may fully investigate it. The Officer may require such additional specificity as necessary to proceed with the investigation.

C. The Assistant Chief may split off from a third party complaint an individual complaint for processing under these Regulations if the requirements of Section 6., above, for the acceptance of such complaints are met.

D. The Officer assigned shall investigate the allegations pursuant to the procedures set out in Section 8.A., above. If an Investigator is assigned to the case, he/she shall investigate the allegations pursuant to the procedures set out in Section 8.B., above.

E. The Officer investigating a third party complaint shall establish a file on each general allegation, and this file shall contain copies of all material used in making findings on the allegations. Subsequent processing of the complaint and the procedures followed by the EEOCO and any other Library officers

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 13 of 18

shall be pursuant to the provisions of Section 8.A. through 8.E., above, as appropriate.

F.  The Chief shall review the findings and recommendations of the EEOCO, conduct any further investigation he/she considers necessary, resolve the matter, or make a final agency decision. He/she shall give the complainants and any staff member(s) charged written notification of his/her final action and the reasons therefor, and he/she shall send a copy of that decision to the Assistant Chief.

**Section 13. Remedial Actions**

A.  Where it has been determined that a Library staff member had been discriminated against, and as a result of that discrimination was denied a benefit, the Library shall take remedial actions which may include one or more of the following, but need not be limited to these actions:

    1. Retroactive promotion, with back pay computed in the same manner prescribed by 5 CFR 550.804, when the record clearly shows that but for the discrimination the staff member would have been promoted or would have been paid at a higher rate; provided that the back pay liability may not accrue from a date earlier than two years prior to the date that the discrimination complaint was filed, but, in any event, the back pay liability may not exceed the date he/she would have been promoted. If a finding of discrimination was not based on a complaint, the back pay liability may not accrue from a date earlier than two years prior to the date the Library's determination of discrimination was recorded, but, in any event, not to exceed the date he/she would have been promoted.

    2. Consideration for promotion to a position for which he/she is qualified before consideration is given to other candidates when the record shows that discrimination existed at the time selection for promotion was made, but it is not clear that except for the discrimination the staff member would have been promoted. If the individual is not later selected, the Library shall record the reasons for nonselection.

    3. Restoration of a staff member following cancellation of an unwarranted adverse action which affected him/her.

    4. Expunction from Library records of any reference to or any record of an unwarranted disciplinary action.

    5. Full opportunity to participate in the employee benefit denied him/her (e.g., training, or preferential work assignments).

B.  Where the Chief determines that a qualified applicant for employment has been discriminated against, and except for that discrimination would have been hired, the following procedures shall be followed:

    1. The Library shall offer the qualified applicant, in writing, employment at the same grade denied him/her and in the next available position for which he/she is qualified.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU     Document 8-8     Filed 12/15/2005     Page 14 of 18

2. The individual shall have 10 workdays from the date of receipt of the offer within which to accept or decline the offer. Failure to notify the agency of his/her decision within the 10-workday period shall be considered a declination of the offer, unless the individual can show that circumstances beyond his/her control prevented him/her from responding within the time limit.

3. If the offer is accepted, appointment shall be retroactive to the date the qualified applicant would have been hired, subject to the limitation in Section 12.D., below.

4. Back pay, computed in the same manner prescribed by 5 CFR 550.804, shall be awarded from the beginning of the retroactive period, subject to the same limitation (Section 12.D., below) until the date the individual actually enters duty. The individual shall be deemed to have performed service for the Library during this period of retroactivity for all purposes except for meeting service requirements for completion of a required probationary period.

5. If the offer is declined, the Library shall award the individual a sum equal to the back pay he/she would have received, computed in the same manner prescribed by 5 CFR 550.804, from the date he/she would have been appointed until the date the offer was made, subject to the limitation set out in Section 12. D., below. The Library shall inform the qualified applicant, in its offer, of his/her right to this award in the event he/she declines the offer.

C. Where the Chief determines that discrimination existed at the time a qualified applicant was considered for employment but does not determine that the individual is the one who would have been hired except for discrimination, the following procedures shall be followed:

1. The Library shall consider the individual for any existing vacancy of the same grade for which he/she had been considered initially and for which he/she is qualified before consideration is given to other candidates.

2. If the individual is not selected, the recommending officer shall forward to Chief specific written justification for nonselection.

3. If no vacancy exists, the Library shall give him/her this priority consideration for the next vacancy for which he/she is qualified.

D. A period of retroactivity or a period for which back pay is awarded under this Section may not extend from a date earlier than two years prior to the date on which the complaint was initially filed by the qualified applicant. If a finding of discrimination was not based on a complaint, the period of retroactivity or period for which back pay is awarded under this Section may not extend earlier than two years prior to the date the final determination of discrimination was recorded.

E. This Section and Regulation shall be cited as the authority under which the above-described appointments or awards of back pay shall be made, in addition to the provisions of 5 U.S.C. 5596.

## Section 14. Administrative Provisions

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 15 of 18

A.  The Assistant Chief shall arrange, through the Procurement and Supply Division, Office of the Associate Librarian for Management, for such contractual services as may be necessary to provide a verbatim transcript of all hearings (see Section 10., above) and he/she shall determine the number of copies of such transcripts required to assure that the hearing examiner, The Librarian, and all parties receive one. The Assistant Chief shall transmit copies of the transcripts to the above recipients as soon as the same are received by him/her, unless otherwise requested by the hearing examiner.

B.  Transcripts are the property of the U.S. Government and shall be returned to the EEOCO not later than 30 workdays after final agency action on the complaint. Where the complainant has filed a civil action in the proper U.S. District Court, the transcripts may be retained, but in no event beyond 30 workdays after final judicial action on the complaint.

C.  Testimony given and all documents submitted at the hearing or which may already be in the investigative file shall be kept confidential at all times. The hearing examiner's report, initial or on reconsideration, and the transcript of the hearing are confidential. Recipients of these materials shall not disclose their content to anyone other than persons authorized by this Regulation to receive or be party to such information. Subject to the limitations set out in Section 11.B., above, The Librarian may discuss the content with staff members with whom he/she consults prior to reaching a final agency decision. In the event of such discussion, consultants and all others having proper access to such information, shall be bound by the same restrictions, set out above, applicable to recipients of these materials. Staff members who violate these provisions shall be subject to disciplinary action.

D.  At any time during the complaint or appeal procedures under this Regulation, a complainant or staff member(s) charged shall have the right to assistance by the EEOCO in obtaining representation from the Library staff to assist him/her in the presentation of his/her case. The EEOCO shall maintain a list of staff members who are willing to provide such assistance. A complainant or staff member(s) charged shall be free to select outside counsel; however, any expense involved in retaining representation from outside the Library shall be borne solely by the individual who retains such.

E.  With respect to the policy requirements of this Regulation, a staff member shall appear as a witness when requested to do so, whether that request be made during the investigative or hearing procedure. Any staff member so requested who believes that he/she has no firsthand knowledge of the case or nothing of value to contribute, shall, nevertheless, appear and make such statement under oath. Unless his/her absence is due to illness, assignment out of the greater Washington area, or extended leave, or reasons of like gravity, a staff member's unjustified failure to appear, or refusal to do so, may result in disciplinary action against him/her. Requests by the Assistant Chief for the appearance of witnesses shall be made through supervisory channels.

F.  The appearance of a staff member of the Library as a witness during the investigative process or at a hearing shall be considered as an official assignment. Such staff member shall be in duty status during the time he/she is made available as a witness. Before, during, and after such testimony, staff members who appear as witnesses shall be free from restraint, interference, coercion, or reprisal.

## Appendix to LCR 2010-3.1

**Procedures for the Conduct for Hearings Under Provisions of LCR 2010-3.1**

I. Preliminary Review

    A. The Assistant Chief, Equal Employment Opportunity Complaints Office (EEOCO), shall transmit the investigative file to the hearing examiner, who shall review the file to determine whether further investigation is needed before scheduling the hearing. If so determined, the hearing examiner shall remand the file to the Assistant Chief for further investigation, giving his/her reasons for taking such action.

    B. Upon accepting the investigative file, the hearing examiner shall communicate with the parties and the Assistant Chief and shall establish the date and time of the hearing and shall arrange for a prehearing conference. The locations for the hearings and the pre-hearing conference shall be arranged by the Assistant Chief, EEOCO, pursuant to Section 10.A. and 10.C.(4) of LCR 2010-3.1.

II. Pre-hearing Conference

    A. It shall be the purpose of the pre-hearing conference to expedite processing by the hearing examiner and completion of the hearing. The hearing examiner shall use the occasion to:

        1. Instruct the parties and their representatives on the procedures to be followed at the hearing; for purposes of this Regulation, the term "parties" shall include the complainant(s) and the staff member(s) charged with discrimination;

        2. Define and, if possible, limit the issues to be considered in the hearing to those raised in the complaint, and secure common agreement on these issues between the parties;

        3. Determine the need for the identity of any witnesses, and

        4. Identify the scope and substance of each witnesses' testimony so as to (a) limit the number of witnesses to those persons who have firsthand knowledge, relevant to the issues determined under Subsection (2), above and (b) preclude unneccessary repetitious testimony.

    B. The determination of the hearing examiner and any stipulations by the parties shall be recorded by the hearing examiner and initialed by the parties or their representatives at the pre-hearing conference. The hearing examiner shall prepare copies of that agreement and transmit the same to the parties prior to or on the first day of the hearing.

III. Arrangements for Witnesses

    A. The hearing examiner shall request the Assistant Chief to see the availability, as witnesses, of those staff members requested by any party to the hearing whose testimony the hearing examiner

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 17 of 18

has determined necessary. Through the Assistant Chief, the hearing examiner shall also request the Library to make available as a witness any other staff member whose testimony he/she desires to supplement the information in the investigative file.

    B. The hearing examiner shall give the parties requesting the appearance of a witness his/her reasons for denying such request, and shall insert those reasons in the record of the hearing.

    C. Subject to the provisions of Section 13.D. of LCR 2010-3.1, staff members shall appear as witnesses when requested to do so. The Assistant Chief shall confirm the availability of those witnesses to the hearing examiner. The hearing examiner shall call the witnesses in such order as he/she determines will best develop information relevant to the issues determined under Section II.A.(3), above.

    D. The hearing examiner shall arrange with the parties and the Assistant Chief to obtain testimony through a written interrogatory from any staff member who is found to be unavailable for the hearing. He/she shall obtain the written interrogatory and furnish copies of the same to all parties as soon as possible. Answers of witnesses to an interrogatory shall be obtained under oath or affirmation. If the interrogatory is introduced at the hearing and made a part of the record, any objections to any aspect of it made by any party shall also be made a part of the record.

    E. The status of staff members appearing as witnesses and the protections accorded them in that capacity are determined by the provisions of Section 14.E. of LCR 2010-3.1.

IV. Authority of the Complaints Examiner

The hearing examiner has the authority to:

1. Take testimony under oath or affirmations;

2. Regulate the course of the hearing;

3. Rule on offers of proof;

4. Limit the number of potential witnesses whose testimony he/she determines would be unduly repetitious or irrelevant; and

5. Exclude any person from the hearing for disruptive or misbehavior.

V. Attendance

    A. Attendance at the hearing shall be limited to persons determined by the hearing examiner to have a direct connection with the complaint; in most hearings these are the hearing examiner, the official recorder, the parties, their representatives, and witnesses as they testify.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:05-cv-01790-RMU    Document 8-8    Filed 12/15/2005    Page 18 of 18

    B. A party may request, preferably at the prehearing conference, the presence of an adviser to provide technical assistance. Such request shall be allowed when, in the opinion of the hearing examiner, this assistance is necessary. If the adviser is to be a witness, then such adviser shall testify before other witnesses, but he/she may be recalled if the hearing examiner considers it important to do so.

## VI. Conduct of Hearing

    A. The hearing examiner shall not conduct the hearing as an adversary proceeding (see Section 10. D. of LCR 2010-3.1). Rather, he/she shall establish an order of procedure so as to bring out pertinent facts, including the introduction of pertinent documents. He/she shall exclude irrelevant or unduly repetitious evidence, and in so doing, he/she shall insert into the record his/her reasons for any exclusion of evidence and any exception taken by any party to such action.

    B. Only information having a direct bearing on the complaint shall be received into evidence. Any stipulations among the parties to the hearing concerning one or more aspects of the complaint which they believe need not be taken up at the hearing shall be made a part of the record of the hearing, whether arrived at during the hearing or in a prehearing conference.

    C. All parties shall be given the opportunity to cross-examine witnesses who appear and testify. If any party to the hearing volunteers information as a witness, he/she shall be subject to cross-examination. If any party does not so volunteer, the hearing examiner shall call him/her as a witness upon request by any other party, and the provisions of LCR 2010-3.1, Section 13.D., shall apply.

## VII. Record of the Hearing

    A. The hearing shall be recorded verbatim. All documents, including the investigative file, which are submitted to, and accepted by, the hearing examiner shall be made part of the record of the hearing. Copies of any document that is accepted shall be furnished to the parties. Copies of the transcript shall be distributed and governed by the provisions of Sections 13.A. and 13.B. of LCR 2010-3.1.

   

Comments: lcweb@loc.gov