UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH A. MANSFIELD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON, )<br>LIBRARIAN OF CONGRESS, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1790 (RMU)<br>Judge Ricardo M. Urbina |

**PLAINTIFF'S STATEMENT OF GENUINE MATERIAL FACTS AT ISSUE**

Plaintiff Judith A. Mansfield, by and through counsel, sets forth the following Statement of Genuine Facts at Issue, pursuant to Rule 7.1(h) of the Local Rules of Civil Procedure. These facts are either at issue or must be conceded by Defendant as true.

**I.   Ms. Mansfield has excelled in her work for the Library of Congress.**[1]

1.   Plaintiff Judith A. Mansfield has been employed by the Librarian of Congress (the "Librarian" or "Defendant") since July 1, 1969. *See* Complaint ("Compl.") ¶8.

2.   As an employee of the Library of Congress (the "Library"), Ms. Mansfield's work performance has been consistently rated as "outstanding" or "commendable." *See, e.g.*, Exhibit ("Ex.") 4; Ex. 5.

**II.   Defendant paid Ms. Mansfield less than similarly situated male employees.**

Assistant Director for Bibliographic Access

3.   In August 2004, Defendant created three Assistant Director positions in the Library Services unit. *See* Compl. ¶22.

---

[1] Statements in the headings (I-V) are supported by the facts stated below or are fair inferences based on those facts.

4. Ms. Mansfield was appointed Assistant Director for Bibliographic Access. *See* Compl. ¶22; Ex. 10 (Affidavit of Judith A. Mansfield ("Mansfield Aff.")) ¶4.

5. At the same time, Defendant appointed Steve Herman as Assistant Director for Collections Management and Mark Dimunation as Assistant Director for Special Collections and Services, respectively. *See* Compl. ¶22; Mansfield Aff. ¶5.

6. The three Assistant Director positions consisted of similar duties and occupied the same level in the hierarchy of the Library. *See* Compl. ¶¶22-23; Ex. 1.

7. Ms. Mansfield performed Senior Level duties as Assistant Director for Bibliographic Access but was paid at the GS-15 level, substantially less than Mr. Herman and Mr. Dimunation, who were paid at the Senior Level. *See* Compl. ¶¶22-23; Mansfield Aff. ¶¶4-6.

8. As Assistant Director, Ms. Mansfield also served as the immediate supervisor to John Byrum, a Senior Level employee, but was paid less. *See* Compl. ¶¶27-28.

Chief of the Arts and Sciences Cataloging Division

9. Ms. Mansfield currently serves as Chief of the Arts and Sciences Cataloging Division ("ASCD"), a position she has held since May 24, 1998, and receives compensation at the GS-15 level . *See* Compl. ¶¶ 9, 21; Mansfield Aff. ¶10.

10. John Byrum, the Chief of the Regional and Cooperative Cataloging Division, has performed the same work as Ms. Mansfield but received Senior Level pay, a higher rate of compensation. *See* Compl. ¶19.

11. In April 2003, a classification review of Ms. Mansfield's ASCD Chief position was completed, and the classifier determined that Ms. Mansfield's position justified reclassification at the Senior Level. *See* Compl. ¶¶ 18-19.

12. Defendant ignored the results of the classification review and continues to have Ms. Mansfield perform the duties of the position for GS-15 pay. *See* Compl. ¶21.

<u>Acting Director for Cataloging</u>

13. During September 2002 to about June 2004, Ms. Mansfield performed the duties of Acting Director for Cataloging, a Senior Level position. *See* Compl. ¶¶11-15.

14. Whereas the Librarian compensated her male predecessor, Beacher Wiggins, at the Senior Level, Defendant paid Ms. Mansfield at the GS-15 level for the majority of the time she served in the position, except for two 120-day periods. *See* Compl. ¶¶11-15.

15. In this capacity, Ms. Mansfield also served as the immediate supervisor to John Byrum, a Senior Level employee, but was paid less. *See* Compl. ¶¶27-28.

**III.    Ms. Mansfield complained to Defendant of sex discrimination.**

16. On March 15, 2005, Ms. Mansfield complained directly to the Librarian that she was receiving less pay for performing the same work as her male counterparts in violation of Title VII of the Civil Rights Act and the Equal Pay Act. *See* Compl. ¶25; Ex. 6.

17. Ms. Mansfield indicated: "I want this matter to remain a private personnel matter and I want to negotiate a satisfactory resolution as expeditiously as possible. However, if I do not receive a response within 10 business days, I will assume there is no interest in resolving this matter privately." Ex. 6.

**IV.    Because Ms. Mansfield complained of discrimination, Defendant eliminated her Assistant Director Position along with the other two Assistant Director Positions.**

18. Two weeks following Ms. Mansfield's complaint, the Librarian eliminated her Assistant Director position and the other two Assistant Director positions. *See* Compl. ¶26;

Mansfield Aff. ¶¶8-9.

19.  The Librarian subsequently returned Ms. Mansfield to her prior position as ASCD Chief, which was subordinate to the Assistant Director position in the hierarchy of the Library. *See* Mansfield Aff. ¶9; Ex. 1.

20.  The Assistant Director positions held by the two male employees were also eliminated. *See* Compl. ¶26; Mansfield Aff. ¶17.

21.  However, Mr. Herman and Mr. Dimunation continued to receive Senior Level pay following this change in their duties. *See* Mansfield Aff. ¶18. *See also, e.g.*, Ex. 2; Ex. 3.

**V.  Because Defendant eliminated Ms. Mansfield's Assistant Director Position, Ms. Mansfield lost the opportunity to work in a higher level position.**

22.  As Assistant Director, Ms. Mansfield served as the immediate supervisor of the ASCD Chief, as well as the eight other Bibliographic Access division chiefs in the Acquisitions and Bibliographic Access directorate. *See* Mansfield Aff. ¶¶12-13.

23.  In that capacity, Ms. Mansfield also managed a budget of more than $40 million and supervised a staff of 550 employees. *See* Mansfield Aff. ¶¶15-16.

24.  By returning Ms. Mansfield to her position as a division chief, the Librarian reduced her responsibility to management of a budget of $4.4 million and supervision of a staff of approximately 75 employees. *See* Mansfield Aff. ¶¶15-16.

25. Furthermore, the ASCD Chief position was subordinate to Ms. Mansfield's Assistant Director position in the hierarchy of the Library. *See* Ex. 1.

                        Respectfully submitted,

                        WEBSTER, FREDRICKSON & BRACKSHAW

Dated: January 25, 2006                      /s/
                        Bruce A. Fredrickson  #933044
                        Cedar P. Carlton # 480255
                        Rosy L. Lor #494549
                        1775 K Street, N.W.
                        Suite 600
                        Washington, D.C.  20006
                        (202) 659-8510
                        (202) 659-4082 (fax)

                        Attorneys for Plaintiff Mansfield