# Exhibit 8

# Letter from Bruce A. Fredrickson, Esq., to Dr. Ricardo H. Grijalva, June 2, 2005

**WEBSTER, FREDRICKSON & BRACKSHAW**
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KEIRSTON R. WOODS
JEFFERY S. FLORES[+]
ROSY L. LOR[++]
[+]ADMITTED ONLY IN NJ & NY
[++]ADMITTED ONLY IN MD

June 2, 2005

By Facsimile & 1st Class Mail

Dr. Ricardo H. Grijalva
The Library of Congress
Equal Employment Opportunity Complaint's Office
Washington, D.C. 20540

Dear Dr. Grijalva:

I am writing in response to your letter of May 27, 2005, dismissing the administrative complaint of my client, Judith A. Mansfield, filed with your office, and to follow up on our telephone conversation of June 1, 2005.

As I explained in our telephone conversation, the Complaint filed in the United States Court of Federal Claims is filed under the Equal Pay Act, 29 U.S.C. § 201 *et seq.*, while the administrative complaint filed with your office is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* This distinction is critical and justifies reopening Ms. Mansfield's administrative complaint.

More specifically, Title VII provides different remedies, e.g., compensatory damages, (42 U.S.C. § 1981a), permits a trial by jury (*Id.*), imposes different burdens of proof (*Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 343-344 (4th Cir. 1994)), and requires exhaustion of administrative remedies (42 U.S.C. § 2000e-16(c)). In contrast, the Equal Pay Act does not afford the plaintiff compensatory damages (29 U.S.C. § 216(b)), does not require exhaustion of administrative remedies (*Id.*), and establishes an entirely different scheme of proof (29 U.S.C. § 206(d)(1)). Moreover, the U.S. Court of Federal Claims has maintained that it does not have jurisdiction over a retaliation claim pursuant to the Equal Pay Act because of the tort-like remedies available for such a violation. *See Jentoft v. United States*, 64 Fed.Cl. 549, 552 (2005). *See also Henrichs v. United States*, 27 Fed. Cl. 669, 671 (1993)(same).

PLAINTIFF'S EXHIBIT 8

Dr. Ricardo H. Grijalva
June 2, 2005
Page Two

For these reasons, the Library's administrative process and the remedies afforded Ms. Mansfield through that procedure do not coincide with the suit now pending before the U.S. Court of Federal Claims. Therefore, we respectfully request that you reconsider the agency decision to dismiss Ms. Mansfield's administrative complaint, reinstate that complaint, and proceed with the investigation. If you would like to discuss this issue further, please do not hesitate to contact me. Thank you for your consideration.

Sincerely,

Bruce A. Fredrickson

cc: Judith A. Mansfield