# Exhibit 9

# Letter from Dr. Ricardo H. Grijalva to Bruce A. Fredrickson, Esq., June 14, 2005

# THE LIBRARY OF CONGRESS
### WASHINGTON D.C. 20540

EQUAL EMPLOYMENT OPPORTUNITY
COMPLAINTS OFFICE

June 14, 2005

Subject:  Request for Reconsideration
          Judith A. Mansfield
          EEO Case No. 05-70

Dear Mr. Fredrickson:

I am in receipt of your Request for Reconsideration dated June 2, 2005 appealing the
cancellation of the above-referenced EEO Complaint (EEO Case No. 05-70) filed by
your client, Ms. Judith A. Mansfield.  This letter will serve as my response to your
request concerning my decision to cancel Ms. Mansfileld's complaint.

I have reviewed all the information provided by you to make the appropriate
determination in your request.  A complete review of these documents does not provide
any additional information to reopen this matter.  Your objections in your request are
well taken, however, I do not find your position compelling after reviewing all the
information that you provided.   As previously indicated, case precedent mandates
dismissal of EEO complaints so as to prevent a complainant from simultaneously
pursuing both administrative and judicial remedies on the same matters, wasting
resources, and creating the potential for inconsistent or conflicting decisions, and in order
to grant due deference to the authority of the federal district court.

In Michelle M. Behm v. Norman Y. Mineta, Secretary, Department of Transportation,
Appeal No. 01A04827, Agency No. 4-00-4041, the administrative complaint filed under
Title VII of the Civil Rights Act of 1964 and the Equal Pay Act was dismissed because
she filed a civil action in the United States Court of Federal Claims that included the
same issues raised in the her administrative complaint filed with the Department of
Transportation. (See Allison, et al. v. Department of Veterans Affairs, EEOC Appeal No.
01972160, et al. (Sept. 3, 1999).

Accordingly, the agency's decision canceling EEO Case No. 05-70 because the claim was
the basis of a pending civil action in the United States Court of Federal Claims will
remain unchanged.   In conclusion, I do not find your request for reconsideration
warranted.  Therefore, it is herewith denied.

No person shall be subjected to reprisal or harassment because he or she filed a
discrimination complaint;  participated in or contributed to the identification,
investigation, prosecution, or resolution of EEO violations in or by the Library of



PLAINTIFF'S
EXHIBIT
9

Congress or otherwise aided or supported the enforcement of Federal civil rights laws, rules, regulations, or policies.

## APPEAL RIGHTS

Be advised that this is the final agency decision regarding this complaint. Should you be dissatisfied with this decision, you have the right to file a civil action in the appropriate U.S. District Court within 90 days of receipt of this letter. Should you file a civil action and are not represented by an attorney but wish to be, you may apply to the U.S. District Court where the civil action is filed. The Court may appoint an attorney in such circumstances as the Court deems just pursuant to law (42 U.S.C. § S2000e-5(f)(1)).

Should you have any questions regarding this case decision, please do not hesitate to contact me at area code (202) 707-6024.

Sincerely,

Dr. Ricardo H. Grijalva
Chief, EEO Complaints Office
Office of Workforce Diversity
Library of Congress

Judith A. Mansfield
5143 Yuma Street, N.W.
Washington, D.C.  20016

Mr. Bruce Fredrickson
Attorney at Law
1775 K. Street, N.W., Suite 600
Washington, D.C.  20006

Forwarded via Regular and Registered Mail on June 14, 2005; Return Receipt Requested