# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH A. MANSFIELD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1790 (RMU) |
| ) | Judge Ricardo M. Urbina |
| JAMES H. BILLINGTON, ) | |
| LIBRARIAN OF CONGRESS, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF MANSFIELD'S SURREPLY IN OPPOSITION TO MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Comes now Plaintiff Judith A. Mansfield, by and through her counsel, Webster, Fredrickson & Brackshaw, and submits this Surreply in response to Defendant's Reply in Support of Motion to Dismiss or for Summary Judgment ("Reply"). Plaintiff submits this Surreply to address new arguments raised by Defendant in his Reply.

**I.    Defendant cannot articulate, for the first time in his Reply, a non-retaliatory reason for the elimination of Plaintiff's position.**

In his initial brief, Defendant failed to articulate any non-retaliatory reason for his decision to eliminate Ms. Mansfield's Assistant Director position just two weeks following her letter complaining to him of sex discrimination.[1]  *See* Opposition at 15-16.  Defendant now seeks the proverbial second bite of the apple by asserting for the first time in his Reply that he abolished Ms. Mansfield's position, as well as

---

[1]Defendant also failed to offer in his initial brief any non-discriminatory reason for his failure to compensate Ms. Mansfield at the same rate as her male counterparts at the Library of Congress who performed the same work.  Therefore, Defendant is not entitled to summary judgment on Plaintiff's sex discrimination claim under Title VII.  *See* Opposition at 19-20.

the two Assistant Director positions held by male employees, because the positions "had not been effective." Reply at 14. Defendant now relies upon, in part, a memorandum from Deanna Marcum announcing the elimination of the positions, which merely states that "these positions have not worked out as intended, so I have eliminated the three coordinating positions." Reply, Exhibit 2. Furthermore, the declaration of Ms. Marcum, included with Defendant's Reply, only provides: "In April of 2005, the assignment of collateral duties to Ms. Mansfield, Mr. Herman, and Mr. Dimunation ceased and they each returned to exclusively performing the duties of their permanent positions." Reply, Exhibit 1. However, Ms. Marcum's conclusory statements do not contain any explanation as to why the positions "have not worked out as intended."

Instead of providing record support for Defendant's claim, Defendant asks the Court to infer that he had a non-retaliatory reason for abolishing her position. Yet, Rule 56 does not permit the Court to draw inferences in Defendent's favor. *See Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 151 (2000)(A trial court "must disregard all evidence favorable to the moving party that the jury is not required to believe."). Having failed to offer any non-retaliatory reason for his decision to eliminate her position (other than a vague and conclusory allegation), Defendant is not entitled to summary judgment. Moreover, summary judgment is unwarranted, on the basis of Ms. Marcum's statements, given that Defendant has just offered them with his Reply and Plaintiff has not had any opportunity to depose her.[2] *See Anderson v.*

---

[2] Defendant contends that "[a]lthough this information is being provided to this Court for the first time with defendant's reply, plaintiff has been on notice of defendant's reasons since at least July, 2005, if not since April, 2005 when plaintiff presumably received a copy of Ms. Marcum's memo in the course of her employment." Reply at 14 n.7. Defendant essentially urges the Court to require that the Plaintiff anticipate and argue the Defendant's defenses for him, as well as rebut them, when he has failed to raise them in his initial brief. Defendant's request clearly lacks merit.

*Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)(stating that the court cannot make credibility determinations at the summary judgment phase).

**II.      Defendant's new argument regarding causation should be ignored.**

Defendant also asserts for the first time that the relevant protected activity in which Ms. Mansfield engaged, for purposes of her retaliation claims under Title VII and the Equal Pay Act ("EPA"), consists of the complaints she made to her supervisor in October 2004 regarding the wage disparity between her and her male counterparts.  *See* Reply at 2, 11-13.  In her Complaint, Plaintiff asserted that she had complained to her supervisor in October 2004, yet Defendant claims that he was unaware of these complaints until Plaintiff filed her Opposition.  *See* Complaint ¶24; Reply at 2.  Consequently, Defendant now contends that causation does not exist, alleging a lack of temporary proximity.  *See* Reply at 12.  Defendant's argument lacks merit.

Defendant concedes that "Ms. Mansfield was returned exclusively to the duties of her permanent position *as soon as she complained that she believed that she was not being paid as much as her male colleagues*."  Defendant's Reply to Plaintiff's Opposition to the Defendant's Motion for Summary Judgment at 19-20, *Mansfield v. United States*, No. 05-472C (Fed. Cl. filed Apr. 14, 2005)(emphasis added).  Defendant does not contend that he or any other Library official who had the authority to eliminate her position was aware of Ms. Mansfield's October 2004 complaints at the time they were made.  Indeed, Defendant asserts that he did not know of these complaints until Plaintiff filed her Opposition.  *See* Reply at 2.  In addition, Defendant does not assert that Ms. Mansfield's supervisor, to whom she complained, had the authority to abolish her position.  However, the undisputed fact remains that once Ms. Mansfield's complained *directly* to Defendant Librarian of Congress of sex discrimination and informed him of her

intent to make her complaint public, Defendant abolished her Assistant Director position just two weeks after receiving her complaint and returned her to the subordinate division chief position. *See* Opposition at 2-3.

Morever, a jury could easily decline to draw the inference that Defendant urges here by distinguishing the oral and informal complaints made by Plaintiff to her supervisor and Plaintiff's letter written directly to the Librarian of Congress expressly complaining of sex discrimination. As Plaintiff set forth in her Opposition, the timing between Plaintiff's letter and the elimination of her position alone gives rise to a fair inference that Defendant abolished her position because she complained to Defendant of discrimination. *See, e.g., Singletary v. District of Columbia*, 351 F.3d 519, 525 (D.C. Cir. 2003)(The close temporal proximity between a plaintiff's discrimination complaint and an adverse action may alone establish an inference of a causal connection between the two events.). Therefore, Plaintiff states a claim for retaliation and a jury, applying all reasonable inferences, could find in her favor.

**III.    Defendant's new request for an alternative remedy should be disregarded.**

Having failed to offer in his initial brief any non-discriminatory reason for his failure to compensate Ms. Mansfield at the same rate as her male counterparts who perform the same duties, Defendant also requests for the first time that the Court grant him an alternative remedy to dismissal or summary judgment on Plaintiff's claims. Specifically, Defendant invokes "principles of comity between and among the federal courts" and requests that the Court delay consideration of Plaintiff's claims before this Court until the resolution of her EPA discrimination claim in the U.S. Court of Federal Claims. *See* Reply at 8-9. However, the rule invoked by Defendant is inapplicable where, as here, this Court and the U.S. Court of Federal Claims do not have concurrent jurisdiction over Plaintiff's Title VII and EPA discrimination and

retaliation claims.[3] *See Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993)("The well-established rule is that in cases of *concurrent jurisdiction*, 'the first court in which jurisdiction attaches has priority to consider the case.'" (emphasis added)(quoting *Orthmann v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)).

In addition, contrary to Defendant's assertion, the facts asserted in Plaintiff's Complaint state claims for relief that Plaintiff cannot obtain before the U.S. Court of Federal Claims. *See* Reply at 5. Most notably, the U.S. Court of Federal Claims lacks jurisdiction over Plaintiff's retaliation claims, which Plaintiff must pursue before this Court in order to obtain any relief. *See Bunch v. United States*, 33 Fed. Cl. 337, 341 (1995). In seeking delay of the Court's consideration of Plaintiff's claims, Defendant is attempting to eliminate Plaintiff's retaliation claims without them ever being heard in either court. Moreover, in her EPA discrimination case before the U.S. Court of Federal Claims, Plaintiff is not entitled to a jury trial, and her relief is limited to liquidated damages and "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. §1491(2). However, Plaintiff's claims before this Court afford her the right to a jury trial. *See* 42 U.S.C §1981a(c). Plaintiff is also entitled to compensatory damages, attorneys' fees, and other appropriate equitable relief, as well as back pay, in her claims before this Court. *See* 42 U.S.C. §§1981a, 2000e-5. Therefore, Defendant's request for a delay should be disregarded and resolution of Plaintiff's claims not be forestalled.

---

[3] Significantly, Plaintiff has not elected to bring her claims before two separate courts but was required to do so because this Court lacks jurisdiction over her EPA discrimination claim and the U.S. Court of Federal Claims lacks jurisdiction over both of her Title VII claims and her EPA retaliation claim. *See* Opposition at 4-5.

**IV.     Summary judgment is inappropriate given Plaintiff's lack of opportunity for discovery.**

Defendant is not entitled to summary judgment on any of Plaintiff's claims, having failed to offer any non-discriminatory reason in his initial brief for his decision to pay Ms. Mansfield less than her male counterparts for performing the same work and offering no more than a vague and cursory explanation (*in his Reply*) for his decision to eliminate Ms. Mansfield's position immediately following her complaint of sex discrimination. *See* Opposition at 19; Reply at 14-15. Furthermore, summary judgment is inappropriate at this juncture, given that Defendant filed the instant motion in lieu of an Answer and prior to the Court's entry of a scheduling order or *any* discovery under Rule 26. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(emphasis added).[4]

Defendant insists that Plaintiff file a Rule 56(f) affidavit in order to obtain discovery. *See* Reply at 3-4. However, "[t]he purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merits of a party's opposition." *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988). Given the lack of a scheduling order and the fact that the required Rule 26(f) discovery conference, which must be conducted prior to any discovery, has not even occurred, Plaintiff has not been

---

[4]Despite Plaintiff's lack of opportunity to obtain any discovery regarding the matters before this Court, Plaintiff has produced her affidavit and other competent evidence showing that there are genuine issues for trial, rendering summary judgment inappropriate. *See* Plaintiff's Statement of Genuine Material Facts at Issue.

dilatory in requesting discovery and her invocation of the protections of Rule 56(f) is in good faith. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002)(declining to insist on a Rule 56(f) affidavit when "the nonmoving party, though no fault of [her] own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved"). In addition, the timing of Defendant's motion, coupled with Plaintiff's Opposition and Statement of Genuine Facts at Issue, "suffice[s] to alert the [Court] of the need for further discovery and thus served as the functional equivalent of an affidavit." *First Chicago*, 836 F.2d at 1380 (stating that the district court had reason to know that further discovery was needed from the nonmoving party's opposition and statement of material facts as to which there is a genuine dispute).[5]

Defendant makes much of the fact that the Library has provided Plaintiff a limited number of documents in connection with her pending EPA claim before the U.S. Court of Federal Claims. *See* Reply at 2-3. However, the Library has refused to allow Plaintiff to depose any of its witnesses in the case before that court, including the declarant here, whose declaration Defendant has just offered with his Reply and who is, presumably, one of the decision-makers responsible for the elimination of Plaintiff's Assistant Director position. In addition, the Library has failed to completely comply with Plaintiff's first requests for documents or provide supplemental documents. Furthermore, the Library has not yet produced a single document in response to Plaintiff's second request for production of documents despite Plaintiff's attempts at informal resolution of these outstanding requests. The inadequate discovery Plaintiff has received from the Library in connection with her case before the U.S. Court of Federal Claims can hardly compensate

---

[5]For the reasons stated, sufficient notice exists as to Plaintiff's need for further discovery in this case. However, in an abundance of caution, Plaintiff is attaching a Rule 56(f) affidavit.

for the complete lack of discovery Plaintiff has been afforded on her claims before this Court, which, unlike her EPA claim before the U.S. Court of Federal Claims, involve issues of intent.

**V.    Conclusion**

In sum, genuine issues of disputed material fact exist, even as to the new issues raised by Defendant in his Reply, and thus, Defendant's Motion to Dismiss or for Summary Judgment must be denied.

                                               Respectfully submitted,

                                               WEBSTER, FREDRICKSON & BRACKSHAW

Dated: March 13, 2006                                /s/
                                               Bruce A. Fredrickson  #933044
                                               Cedar P. Carlton # 480255
                                               Rosy L. Lor #494549
                                               1775 K Street, N.W.
                                               Suite 600
                                               Washington, D.C.  20006
                                               (202) 659-8510
                                               (202) 659-4082 (fax)

                                               Attorneys for Plaintiff Mansfield