UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH A. MANSFIELD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON, )<br>LIBRARIAN OF CONGRESS, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1790 (RMU)<br>Judge Ricardo M. Urbina |

**RULE 56(f) AFFIDAVIT OF BRUCE A. FREDRICKSON IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

I, Bruce A. Fredrickson, Counsel for Plaintiff in this matter and being duly sworn on oath, do hereby depose and say:

1. In lieu of filing an answer to the complaint in this matter, Defendant filed his Motion to Dismiss or for Summary Judgment prior to any formal discovery or the entry of a scheduling order.

2. In moving for summary judgment, Defendant must "establish that on the basis of the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits,' *no* reasonable finder of fact could render a verdict in the plaintiff's favor." *Higbee v. Billington*, 246 F.Supp.2d 10, 15-15 (D.D.C. 2003)(emphasis added)(citations omitted)(quoting FED R. CIV. P. 56(c)).

3. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(emphasis added).

4. Plaintiff has not had the opportunity to obtain discovery on the issues before this Court, given that Defendant filed his motion prior to the entry of a scheduling order, and the required Rule 26(f) discovery conference, which must be conducted prior to any discovery, has not even occurred.

5. Much of the information upon which Defendant relies in its motion, *i.e.*, the justification for why Defendant eliminated Plaintiff's Assistant Director position just two weeks after receiving her letter complaining of discrimination, is largely within Defendant's control.

6. Defendant asserts that he did not act with retaliatory intent in abolishing Plaintiff's position. In support of his contention, Defendant merely offers vague and conclusory statements in a memorandum and declaration prepared by Deanna Marcum, the Associate Librarian for Library Services. In the memorandum, Ms. Marcum states only that Ms. Mansfield's position and the Assistant Director positions of her two male counterparts were eliminated because they "have not worked out as intended." Defendant's Reply in Support of Motion to Dismiss or for Summary Judgment ("Reply"), Exhibit 2. Similarly, in her declaration, Ms. Marcum merely states: "In April of 2005, the assignment of collateral duties to Ms. Mansfield, Mr. Herman, and Mr. Dimunation ceased and they each returned to exclusively performing the duties of their permanent positions." Reply, Exhibit 1 at ¶13. Neither document provides any detail as to why the Assistant Director positions supposedly did not work out as "intended." Defendant simply asks Plaintiff and this Court to impermissibly infer that Defendant did not have any discriminatory intent in eliminating these positions a mere two weeks following her complaint, based upon Ms. Marcum's vague and

conclusory statements.

7. Given Ms. Marcum's role as one of the decision-makers in the elimination of Ms. Mansfield's position, Plaintiff must be afforded the opportunity to depose Ms. Marcum and any other official at the Library of Congress who was involved in the decision to eliminate Ms. Mansfield's position.

8. Furthermore, Plaintiff must be given the opportunity to seek any relevant documents and information relating to Defendant's decision to abolish Ms. Mansfield's position.

9. Plaintiff must be allowed to depose the Library officials who were involved in making decisions regarding Ms. Mansfield's salary, as well as seek documents and information pertaining to those decisions.

10. Contrary to Defendant's assertion, Defendant has not provided Plaintiff with adequate discovery relating to the claims before this Court in connection with her Equal Pay Act discrimination case before the U.S. Court of Federal Claims.

11. Defendant has refused to permit Plaintiff the opportunity to depose Ms. Marcum (or any other Library official) in that case.

12. In addition, Defendant has failed to comply completely with Plaintiff's first requests for documents. For example, Plaintiff requested "[a]ll documents referring or relating to the abolishment of the positions of Assistant Director for Bibliographic Access, Assistant Director for Collections Management, and Assistant Director for Special Collections and Services." Defendant responded: "The Library is not aware of any documents in its possession which are responsive to this request." Defendant produced no e-mail, memoranda, or other correspondence responsive to this request.

13. Plaintiff attempted informal resolution of this outstanding request by informing Defendant of her belief in the existence of responsive documents. Specifically, Plaintiff produced to the Defendant a copy of the memorandum she had retained announcing the elimination of these positions, a document which Defendant failed to produce. To date, Defendant has not provided Plaintiff with any documents responsive to this request. Plaintiff suspects other documentation (perhaps retained in electronic format) continues to exist, but Plaintiff does not have the ability to explore this issue without formal discovery, including interrogatories, requests for production of documents, and depositions.

14. Furthermore, Defendant has not yet produced a single document in response to Plaintiff's second requests for production of documents in her case before the U.S. Court of Federal Claims–responses which were due on December 26, 2005.

Further your affiant sayeth naught.

_March 13, 2006_
Date

_Bruce A. Fredrickson_ (signature)
Bruce A. Fredrickson

Subscribed and sworn before me on _13_ day of _March_ 2006 in the District of Columbia

_Leslie P. Kim_ (signature)
Leslie P. Kim
Notary Public, District of Columbia
My Commission Expires 8-31-2009

My Commission expires: _____