## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH A. MANSFIELD,<br><br>   Plaintiff,<br><br>v.<br><br>DR. JAMES BILLINGTON,<br>   In his official capacity<br>   as Librarian of Congress,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1790 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

Defendant, James H. Billington, the Librarian of Congress, by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows.

### Affirmative Defense

This Court lacks jurisdiction over Plaintiff's claims as Plaintiff has previously filed, and currently has pending, a complaint in the United States Court of Federal Claims based on substantially the same factual allegations and claims made in the instant complaint.

In response to the individual numbered paragraphs of the Complaint, Defendant admits, denies, or otherwise avers as follows:

### Parties

1. Admit.

2. Admit.

## Jurisdiction

3. This paragraph consists of plaintiff's characterization of jurisdiction, not averments of fact to which an answer is required. To the extent an answer is required, the allegation is denied.

4. Admit that on April 18, 2005, plaintiff filed an informal complaint of discrimination and reprisal with the Library's Equal Employment and Opportunity Complaints Office ("EEOCO"); otherwise, deny.

5. Admit and aver further that the letter from the EEOCO to Complainant explained that her informal complaint was being cancelled because of the fact that plaintiff had a pending action in the United States Court of Federal Claims based on the same claims made in her informal complaint filed with the Library's EEOCO.

6. Admit.

7. This paragraph contains a jurisdictional statement, not an averment of fact to which an answer is required. To the extent an answer is required, deny.

## Facts Giving Rise to Relief

8. Admit.

9. Admit the first sentence and aver further that at the time of her selection in 1998 as Chief of the Arts and Sciences Cataloging Division, plaintiff was a GS-13 Automated Operations Coordinator in the Library's Library Services unit. Admit the second sentence and aver further that Beacher Wiggins had been the Director for Cataloging since he competitively applied and was selected to the position in June 1997, that Mr. Wiggins was responsible for selecting plaintiff to the position of Chief of the Arts and Sciences Cataloging Division in 1998, and that

Mr. Wiggins had previously been plaintiff's supervisor while she was a GS-13 Automated Operations Coordinator in Library Services.

     10.  Admit that Mr. Wiggins was assigned duties as Acting Associate Librarian for Library Services in 2002; aver further that Mr. Wiggins was assigned duties as Acting Associate Librarian upon the retirement of the Associate Librarian for Library Services, Winston Tabb; otherwise, deny.

     11.  Admit that in September of 2002 plaintiff was assigned to duties as Acting Director for Cataloging; aver further that Mr. Wiggins assigned plaintiff the duties of Acting Director for Cataloging as a result of his assuming duties as Acting Associate Librarian for Library Services and after consulting with plaintiff regarding her desire to assume the duties of Acting Director for Cataloging; aver further that Mr. Wiggins, in consideration of plaintiff performing the higher-graded duties of Acting Director for Cataloging, recommended plaintiff's temporary promotion from GS-15 to the Senior Level pay grade for a period not-to-exceed 120 days; aver further that Library regulations limit the duration of temporary promotions to Senior Level to 120 days during any twelve-month period; aver further that plaintiff was paid at the Senior Level pay grade for a period of 120 days upon assuming the duties of Acting Director for Cataloging in September of 2002; otherwise, deny.

     12. Admit the first sentence.  Admit the second sentence and aver further that, pursuant to Library regulation and United States statute, the maximum allowable pay for a Senior Level position in the Washington, D.C. area is $149,200.  Admit the third sentence.  With regard to sentence four, the terms "other forms of compensation" is vague and to the extent a response is

required, however, the Defendant has insufficient information at the present time to respond to the allegation in this sentence.

      13.  With respect to the first sentence, admit that at the end of plaintiff's 120-day temporary promotion period (in January of 2003) and pursuant to Library regulations, the Library's Human Resources Services ("HRS") returned plaintiff to her permanent GS-15 pay grade; otherwise, deny.  With respect to the second sentence, admit that after plaintiff was returned to her permanent GS-15 pay grade, she continued to perform the duties of Acting Director for Cataloging based on Mr. Wiggins' desire to have continuity of management in Cataloging and after he consulted with plaintiff--who expressed a
desire to continue performing the duties of Acting Director even though she could no longer be paid at the Senior Level pay grade; otherwise, deny.

      14.  Admit.

      15.  With respect to the first sentence, admit that in February 2004, after the requisite 12-month period had elapsed since plaintiff's last temporary promotion, she was again temporarily promoted to the Senior Level pay grade in consideration that she was still performing the higher-graded duties of Acting Director for Cataloging at the time; aver further that plaintiff remained remained in the Senior Level pay grade until June of 2004 when, pursuant to Library regulations which limit the duration of temporary promotions to Senior Level to no more than 120 days in any given 12-month period, the Library's HRS returned plaintiff to her permanent GS-15 pay grade; otherwise, deny.  Admit the second sentence and aver further that the Library's HRS returned plaintiff to her permanent GS-15 pay grade in June of 2004 pursuant

to Library regulations which limit the period of a temporary promotion to Senior Level to 120 days.

      16. Admit that plaintiff was paid less than Mr. Wiggins, the incumbent Director for Cataloging since 1997, while she was assigned duties as Acting Director for Cataloging, including the two periods during which she was temporarily promoted to the Senior Level pay grade; aver further that at the time of plaintiff's assignment to duties as Acting Director for Cataloging her permanent position as Chief of the Arts and Sciences Cataloging Division was classified at the GS-15 pay grade, Mr. Wiggins' permanent position--Director for Cataloging–was classified at the Senior Level, and that Mr. Wiggins had been the Director for Cataloging since he competitively applied and was selected to the position in 1997.  The remainder of this paragraph is vague with respect to what or who is meant by the term "other male employees who performed similar duties" and defendant therefore, lacks sufficient knowledge or information to admit or deny the allegations.  To the extent a response is required, the defendant denies those portions of this paragraph not otherwise admitted, above.

      17. Admit.

      18. Admit and aver further that at the time there were eight Chief positions in Cataloging, that three of the Chief positions were classified at the Senior Level (two females and one male) and five of the Chief positions (including Plaintiff's position) were classified at the GS-15 pay grade level; aver further that it was Mr. Wiggins who initiated the request for the Library's HRS to review the position descriptions and duties of plaintiff's position and that of the other four GS-15 Chief positions in Cataloging under his supervision because he believed they all merited classification at the Senior Level.

19. With respect to the first sentence, admit that the Library's HRS retained a contractor-classifier to review the Cataloging Chiefs' positions and that he recommended that three of the positions (including plaintiff's position, the position of Chief of the History and Literature Cataloging Division held by Jeffery Heynen, and the then-vacant position of Chief of the Social Sciences Cataloging Division) be upgraded to Senior Level; otherwise, Defendant invites the Court's attention to the document titled, "Evaluation of Division Chiefs' Positions Cataloging Directorate" and dated April 23, 2003, as the best source for determining what the findings and conclusions of the contractor-classifier were with respect to the Cataloging Chiefs positions in Library Services; to the extent a response is required however, deny. With respect to the second sentence, admit but aver further that Mr. Byrum retired from the Library in January 2006, that at the time of the contractor-classifier's review the other two Senior Level Chief positions in Cataloging were held by females, and that Mr. Byrum's position had been classified at the Senior Level since 1991, when his GS-16 pay grade was converted--along with all other GS-16's, 17's, and 18's in the federal government--to the Senior Level pay grade by Act of Congress. The Library has insufficient information at the present time to admit or deny the third sentence; to the extent a response is required however, deny.

20. Admit that in April of 2003, the Acting Associate Librarian for Library Services was Mr. Wiggins and that he recommended that all five of the GS-15 Cataloging Chiefs' positions be reclassified to the Senior Level pay grade; otherwise, deny.

21. With respect to the first sentence, admit that the then-Director of HRS, Teresa Smith, decided to delay action on reclassifying the three Chief positions in Cataloging (including plaintiff's position) which the contractor-classifier's review had recommended for upgrade to

Senior Level; admit further that the reason for the decision to delay taking any action on upgrading the positions was because Ms. Smith wanted to wait until the impending appointment of the new permanent Associate Librarian for Library Services; aver further that Deanna Marcum was appointed as the new Associate Librarian for Library Services in August of 2003 and Ms. Smith promptly submitted the recommended upgrades to Ms. Marcum for consideration; otherwise, Plaintiff has insufficient information to admit or deny the remainder of this sentence; to the extent a response is required, deny.  Deny the second sentence.  The third sentence constitutes plaintiff's characterization of her lawsuit to which no response is required; this sentence is also vague with respect to what or who is meant by the term, "a male employee in a position requiring equal skill, effort, and responsibility;" to the extent a response is required, deny.

22. With respect to the first sentence, admit that Library Services undertook a realignment beginning in about August of 2004; otherwise, deny.  With respect to the second sentence, admit that plaintiff was offered and accepted collateral duties as Assistant Director for Bibliographic Access; otherwise, deny.  With respect to the third sentence, admit that Steve Herman and Mark Dimunation were offered and accepted collateral duties as Assistant Director for Collections Management and Assistant Director for Special Collections, respectively; otherwise, deny.  With respect to the fourth sentence, admit and aver further that both Mr. Herman and Mr. Dimunation were already in permanent positions that were classified at the Senior Level pay grade at the time of their assignment to collateral duties as Assistant Director for Collections Management and Assistant Director for Special Collections, respectively.

23. Deny the first sentence. The second sentence constitutes plaintiff's characterization of her lawsuit to which no response is required; the sentence is also vague with respect to what or who is meant by the term "male counterparts"; to the extent an answer is required however, deny.

24. Defendant has insufficient information to admit or deny the first sentence; to the extent a response is required however, deny. Admit the second, third, and fourth sentences.

25. With respect to the first sentence, admit that plaintiff delivered a letter to the Office of the Librarian on or about March 15, 2005 and that it was addressed to the Librarian of Congress; admit also that the letter submitted by plaintiff to the Office of the Librarian included the quoted language highlighted by plaintiff in her complaint; otherwise, defendant has insufficient knowledge or information to admit or deny the remainder of this sentence; to the extent a response is required however, deny. With respect to the second sentence, admit that plaintiff's letter to the Office of the Librarian dated March 15, 2005 requested a response within 10 business days.

26. This paragraph contains plaintiff's characterization of her lawsuit and a conclusion of law to which no response is required; to the extent a response is required, admit that sometime on or about March 31, 2005, the plaintiff's Assistant Director collateral duties–along with those of Mr. Herman and Mr. Dimunation--were discontinued and all three staff members returned exclusively to performing the duties of their respective permanent positions; otherwise, deny.

27. Admit and aver further that plaintiff also supervised the other two Senior Level staff members in Cataloging, Susan Vita and Barbara Tillett; aver further that between 1995 and

1997, when Mr. Wiggins was a GS-15 and temporarily assigned duties as Acting Director for Cataloging, he also supervised the above three Senior Level employees.

28. The first sentence contains plaintiff's characterization of her lawsuit and argument to which no response is required; to the extent a response is required however, deny. The second sentence contains plaintiff's characterization of her lawsuit and argument to which no response is required; to the extent a response is required however, deny.

**Count I**
**(Sex Discrimination under Title VII)**

29. Defendant incorporates by reference its responses to each of the allegations contained in paragraphs 1-28 of plaintiff's complaint.

30. This paragraph contains plaintiff's characterization of her lawsuit and a legal conclusion to which no response is required; to the extent a response is required however, deny.

31. This paragraph contains plaintiff's characterization of her lawsuit, a legal conclusion, and argument to which no response is required; to the extent a response is required however, deny.

**Count II**
**(Retaliation under Title VII)**

32. Defendant incorporates by reference each of its responses to the allegations contained in paragraphs 1-31 of plaintiff's complaint.

33. This paragraph contains plaintiff's characterization of her lawsuit, a legal conclusion, and argument to which no response is required; to the extent a response is required however, deny.

34. This sentence contains plaintiff's characterization of her lawsuit and a legal conclusion to which no response is required; to the extent a response is required however, deny.

35. This paragraph contains plaintiff's characterization of her lawsuit and a legal conclusion to which no response is required; to the extent a response is required however, deny.

36. This paragraph contains plaintiff's characterization of her lawsuit, a legal conclusion, and argument to which no response is required; to the extent a response is required however, deny.

**Count III**
**(Retaliation under the Equal Pay Act)**

37-41. Count III of the Complaint was dismissed by the Court on June 1, 2006. <u>See</u> Docket Entry Nos. 19-20. Accordingly, no further response is required.

The numbered paragraphs following paragraph 41 contain plaintiff's prayer for relief to which no response is required. Insofar as a response is required, defendant denies that plaintiff is entitled to any relief requested or to any relief whatsoever. In particular, defendant denies that plaintiff is entitled to recover any damages in connection with the actions alleged in her complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a. Defendant further denies that plaintiff is entitled to trial by jury for any claim arising under the Equal Pay Act of 1963.

Except to the extent expressly admitted or qualified above, the defendant denies each and every allegation in the complaint.

WHEREFORE, defendant requests that the Court enter a judgment:

1. Dismissing the complaint against defendant with prejudice; and

2. Award defendant the costs of defending this lawsuit and such other and further relief as the Court deems just, equitable, and proper.

Dated: June 15, 2006.

                Respectfully submitted,

---

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

---

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
---
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 Fourth Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

Counsel for Defendant

Of Counsel:
EVELIO RUBIELLA, Esq.
Library of Congress
Office of the General Counsel