# JAMES DECLARATION

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH A. MANSFIELD ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES H. BILLINGTON, ) <br> LIBRARIAN OF CONGRESS ) <br> ) <br> Defendant ) <br> _____ ) | CIVIL ACTION No. 05-1790 (RMU/JMF) |

## **DECLARATION OF JESSIE JAMES, JR.**

I, JESSIE JAMES, JR, do solemnly swear under penalty of perjury that the following statements are true to the best of my knowledge and belief.

1. I am currently the Associate General Counsel, Office of General Counsel, for the Library of Congress. I have been the Associate General Counsel for the Library since 1999.

2. In my capacity as Associate General Counsel, I supervise and manage all litigation involving the Library and advise Library Managers on their legal rights and responsibilities in making employment decisions.

3. On or about March 16, 2005, I received a letter dated March 15, 2005, from Judith Mansfield to the Librarian of Congress. In the March 15, 2005, letter, Ms. Mansfield complained about her compensation stating that since "August 2004 [she is] assigned to collateral duties as Assistant Director for Bibliographic Access along with [her] position as ASCD Chief." In her letter, Ms. Mansfield requested a response within 10 business days.

4. On or about March 16, 2005, I contacted Robert Dizard, the Deputy to the Associate Librarian for Library Services, Deanna Marcum, to notify Library Services about Ms. Mansfield's complaint regarding her compensation. I initially contacted Mr. Dizard because Ms. Marcum was out of the country on business related travel.

5. Upon Ms. Marcum's return to the Library, I met with Ms. Marcum to discuss Ms. Mansfield's March 15, 2005, letter.

6. During my meeting with Ms. Marcum, I presented three options available to Ms. Marcum to cure Plaintiff's complaint. Specifically, I informed Ms. Marcum that she could (1)

return Plaintiff exclusively to the duties of her permanent position as Chief of the ASCD and allow Mr. Herman and Mr. Dimunation to continue performing collateral duties as Assistant Directors; (2) create a permanent position for Plaintiff at the SL pay grade; or (3) end the Assistant Director collateral duties for Plaintiff, Mr. Herman, and Mr. Dimunation.

7. I presented the three options enumerated above in Paragraph No. 6 based upon my thirty-plus years of background and experience in personnel law. Based upon my background and experience, I believe these options are an appropriate, legal and viable way of addressing a claim of allegedly performing higher graded duties without compensation brought by an employee.

8. Based upon the three options I presented to Ms. Marcum, she determined that the most equitable option was the end the Assistant Director collateral duties for Ms. Mansfield, Mr. Herman and Mr. Dimunation.

9. On or around March 31, 2005, I informed Ms. Mansfield that Ms. Marcum had decided to end the collateral duty assignments for all three Assistant Directors (Ms. Mansfield, Mr. Herman, and Mr. Dimunation.).

_____
Jessie James, Jr.
Associate General Counsel
Office of General Counsel
Library of Congress

Dated: October 31, 2007