# Exhibit 8

# Verified Complaint

*Mansfield v. Billington*, Civil Action No. 05-1790 (RMU/JMF)

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDITH A. MANSFIELD<br>5143 Yuma Street, N.W.<br>Washington, D.C.  20016<br><br>Plaintiff,<br><br>v.<br><br>JAMES H. BILLINGTON,<br>LIBRARIAN OF CONGRESS,<br>101 Independence Ave, S.E.<br>Washington, D.C. 20540<br><br>Defendant.<br><br>**Also Serve:**<br>Attorney General Alberto Gonzales<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>United States Attorney's Office<br>for the District of Columbia<br>ATTN: Civil Process Clerk<br>555 4th Street, N.W.<br>Washington, D.C. 20530 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br><br><br><u>JURY DEMANDED</u><br><br><br>CASE NUMBER  1:05CV01790<br><br>JUDGE: Ricardo M. Urbina<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 09/09/2005 |

### COMPLAINT
**(Sex Discrimination and Retaliation in Violation of Title VII of the
Civil Rights Acts of 1964, as amended, and Equal Pay Act of 1963)**

COMES NOW the Plaintiff, Judith A. Mansfield, by and through her attorneys, Webster,

Fredrickson & Brackshaw, and for her Complaint in the above-captioned action states to this

Honorable Court as follows:

### PARTIES

1.    Plaintiff Judith A. Mansfield is an adult female citizen of the District of Columbia

and has been employed by the Library of Congress continuously since 1969.

2.      Defendant James H. Billington is the Librarian of Congress, and he is sued in his official capacity.

## JURISDICTION

3.      Jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 216(b).

4.      On April 18, 2005, Plaintiff Mansfield filed a formal Complaint of Discrimination with the Equal Employment Opportunity ("EEO") Complaints Office of the Library of Congress.

5.      With a letter dated June 14, 2005, the EEO Complaints Office served upon Plaintiff, by mail, a Library of Congress Final Decision, dismissing her complaint and informing Plaintiff of her right to file a civil action against the Librarian of Congress within 90 days of the date she received the decision.

6.      Plaintiff Mansfield filed the instant action within ninety (90) days of service of the Library of Congress Final Decision and notice of right to file a civil action.

7.      Plaintiff exhausted her administrative remedies.

## FACTS GIVING RISE TO RELIEF

8.      Since July 1, 1969, Plaintiff has been employed by the Library of Congress in a series of jobs of increasing skill and responsibility.

9.      Pursuant to a competitive selection process, Plaintiff became the Chief of the Arts and Sciences Cataloging Division, effective on May 24, 1998, at Grade GS-15.  In this capacity, Plaintiff reported directly to Mr. Beacher Wiggins, a male employee of the Library of Congress who served as the Director for Cataloging and who was employed by the Library of Congress as a Senior Level employee in the Library's Senior Level Executive System.

2

10.    In 2002, Mr. Wiggins was appointed Acting Associate Librarian for Library Services.

11.    In September, 2002, Plaintiff Mansfield was promoted to the position of Acting Director for Cataloging for a period not to exceed 120 days and she was moved from the GS-15 pay level to the Senior Level pay plan for this same time period.

12.    The Library's Senior Level Executive System has a minimum and maximum pay range as set by law. The minimum and maximum basic pay rates are linked to the General Schedule. Specifically, the minimum basic pay rate is 120 percent of the salary of a GS-15/1 for the SL-1 level, and the maximum basic pay rate is 162.44 percent of the salary of a GS-15/1 for the SL-4 level. The Senior Level Executive System provides for other forms of compensation as well.

13.    At the end of the 120 day period, Defendant removed Plaintiff Mansfield from the Senior Level pay plan and returned Plaintiff to a GS-15 pay status. Despite the reduction in her pay, Plaintiff Mansfield continued to serve as Acting Director for Cataloging and perform all the duties of the position to which she had been appointed.

14.    Throughout the time Plaintiff Mansfield held the position of Acting Director for Cataloging, Plaintiff performed the exact same duties as her male predecessor, Mr. Wiggins (who had been paid at the Senior Level), and the job required the same skill, effort, and responsibility as the job had required of Mr. Wiggins.

15.    In February, 2004, Defendant returned Plaintiff to the Senior Level pay plan for a 120 day period ending in June, 2004. On June 9, 2004, Defendant returned Plaintiff to a GS-15 pay status, and Defendant has continued to pay her in that status.

16.    At all times during which Plaintiff Mansfield served as Acting Director for Cataloging, including the two 120 day periods during which Plaintiff was paid on the Senior Level,

Plaintiff was paid well below the rate of her male predecessor and other male employees who performed similar duties.

17.     While she served as Acting Director for Cataloging, Plaintiff also retained her position as Chief of the Arts and Sciences Cataloging Division.

18.     In April 2003, a position classification specialist engaged by the Library completed an audit of the eight Division Chief positions in the Cataloging Directorate within Library Services of the Library of Congress.

19.     As a result of the audit, the position classification specialist determined that the position of Chief of the Arts and Sciences Cataloging Division was substantially equal in functional responsibilities, as well as budget, staff, and nature of managerial responsibility, to two other Division Chief positions within the Cataloging Directorate which were currently Senior Level positions. One of these Senior Level positions,  Chief of the Regional and Cooperative Cataloging Division, is and was then held by Mr. John D. Byrum, Jr., a male who was paid substantially more than Plaintiff.  The division chief positions held by Plaintiff and Mr. Byrum require substantially equal skill, effort, and responsibility.

20.     Following the audit, on April 25, 2003, the Acting Associate Librarian for Library Services recommended that the Library reclassify the position of Chief of the Arts and Sciences Cataloging Division (the position held by Plaintiff) to the Senior Level, because this position is substantially equal to the two other Division Chief positions within the Cataloging Directorate which were graded at the Senior Level.

21.     In July, 2003, the Library's Director of Human Resources decided to delay action on the request for reclassification.  To date, the Library has not made a decision on the request for

4

reclassification. As a result, Plaintiff has been paid less than a male employee in a position requiring equal skill, effort, and responsibility.

22.     In August 2004, Defendant realigned Library Services, and three Assistant Directors were appointed to jobs with substantially similar duties. Plaintiff Mansfield was appointed Assistant Director for Bibliographic Access. Defendant appointed Steve Herman as Assistant Director for Collections Management and Mark Dimunation as Assistant Director for Special Collections and Services. Yet, Mr. Herman and Mr. Dimunation, two male employees of the Library, were paid at the Senior Level, while Plaintiff was paid at the GS-15 level.

23.     As an Assistant Director, Plaintiff Mansfield performed substantially the same job duties as Mr. Herman and Mr. Dimunation, and all three positions require the same skill, effort and responsibilities. Plaintiff has been paid far less than her male counterparts for the same work.

24.     In August, 2004, Plaintiff was informed that new position descriptions would be provided for the Assistant Director positions. In October, 2004, when no new position description had been provided, Plaintiff informed her supervisor, Mr. Wiggins, of this fact and the fact that the two male Assistant Directors were paid at the Senior Level. In a second conversation in October, 2004, Plaintiff Mansfield stated to Mr. Wiggins that paying her at the GS level while the two male Assistant Directors were paid at the Senior Level violates the Title VII of the Civil Rights Act and the Equal Pay Act. In subsequent conversations between October, 2004 and March 2005, Plaintiff stated to Mr. Wiggins that the manner in which the Library paid her in comparison to her male counterparts violated Title VII of the Civil Rights Act and the Equal Pay Act.

25.     On March 15, 2005, having obtained no resolution through her immediate supervisor, Plaintiff Mansfield hand delivered a letter to the Librarian of Congress in which she stated: "My

5

compensation at a lower grade for Senior Level work is clearly unfair and illegal. My pay is lower than that of employees of the opposite sex, while performance of my work requires skill, effort, and responsibility that is equal to that of Senior Level employees of the opposite sex, working under similar conditions in the same establishment. This is a continuing violation of the Equal Pay Act of 1963, as well as a violation of Title VII of the Civil Rights Act of 1964." Plaintiff also requested a response within 10 business days.

26.    Rather than remedy the unequal payment for equal work, on March 31, 2005, Defendant informed Plaintiff Mansfield that her position of Assistant Director was abolished, along with the other two Assistant Director positions.

27.    Since September of 2002, first as Acting Director for Cataloging and then as Assistant Director for Bibliographic Access, Plaintiff Mansfield has served as the immediate supervisor of Mr. Byrum, the male Chief of the Regional and Cooperative Cataloging Division and a Senior Level employee of the Library.

28.    As the immediate supervisor of this Senior Level male employee, Plaintiff's work has been substantially equal to that of an employee of the opposite sex and the performance of her job has required at least as much (if not more) skill, effort, and responsibility as the work required of Mr. Byrum. Throughout this period, Plaintiff has been paid substantially less than Mr. Byrum.

### COUNT I
### (Sex Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, as amended)

29.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-28 of this Complaint with the same force and vigor as if set out here in full.

30.    Defendant failed to pay Plaintiff salary and benefits equal to those of Defendant's

male employees, who have had and have jobs that are similar or substantially similar in terms of required skill, effort, and responsibility to those of Plaintiff, because of her sex in violation of 42 U.S.C. 2000e-2(a)(1).

31.     As a direct and proximate result of Defendant's unlawful acts and failures to act, Plaintiff Mansfield suffered and continues to suffer lost earnings and benefits and distress.

**COUNT II**
**(Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, as amended)**

32.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-31 of this Complaint with the same force and vigor as if set out here in full.

33.     Plaintiff engaged in protected activity when she asserted her right to receive a salary and benefits equal to those of Defendant's male employees, who have had and have jobs that are similar or substantially similar in terms of required skill, effort, and responsibility as those of Plaintiff.

34.     Defendant abolished Plaintiff's position as Assistant Director for Bibliographic Access because she had engaged in protected activity and opposed Defendant's illegal conduct.

35.     Defendant's discriminatory employment acts against Plaintiff constitute unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a).

36.     As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff Mansfield suffered and continues to suffer lost earnings and benefits and distress.

## COUNT III
### (Retaliation in Violation of
### the Equal Pay Act of 1963)

37.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-36 of this Complaint with the same force and vigor as if set out here in full.

38.    Plaintiff engaged in protected activity when she asserted her right to receive a salary and benefits equal to those of Defendant's male employees, who have had and have jobs that are similar or substantially similar in terms of required skill, effort, and responsibility as those of Plaintiff.

39.    Defendant abolished Plaintiff's position as Assistant Director for Bibliographic Access because she had engaged in protected activity and opposed Defendant's illegal conduct.

40.    Defendant's willful and discriminatory employment acts against Plaintiff constitute unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

41.    As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff Mansfield suffered and continues to suffer lost earnings and benefits and distress.

\*          \*          \*

WHEREFORE, the premises considered, Plaintiff Mansfield respectfully prays that this Honorable Court:

1.     Enter judgment on her behalf against Defendant;

2.     Award Plaintiff Mansfield back pay and other benefits, liquidated damages, and all other damages as appropriate;

3.     Instate Plaintiff Mansfield into the Senior Level Executive Service retroactively with all attendant benefits, and award front pay until Defendant instates Plaintiff into an appropriate position;

4.     Award Plaintiff Mansfield her court costs, expenses, attorneys' fees, prejudgment interest and post-judgment interest;

5.     Declare that Defendant's conduct is in violation of the Title VII of the Civil Rights Act of 1964, as amended;

6.     Declare that Defendant's conduct is in violation of the Equal Pay Act of 1963, 29 U.S.C. § 215(a)(3);

7.     Award Plaintiff compensation for any additional tax burden that will be incurred were it not for the discriminatory treatment to which she was subjected; and

8.    Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Judith A. Mansfield

WEBSTER, FREDRICKSON & BRACKSHAW

Bruce A. Fredrickson  #933044

Cedar P. Carlton #480255
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510
(202) 659-4082 (Fax)

Attorneys for Plaintiff

10

## **VERIFICATION**

I, Judith A. Mansfield, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

Judith A. Mansfield

Subscribed and sworn to before me
this 9th day of September, 2005.

Notary Public

My Commission Expires: 5 | 31 | 06

11

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

Bruce A. Fredrickson  #933044
1775 K Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510
(202) 659-4082 (Fax)

Attorney for Plaintiff

12