# Exhibit 12

# Defendant's Response to Plaintiff's Requests for Admissions

*Mansfield v. Billington*, Civil Action No. 05-1790 (RMU/JMF)

# IN THE UNITED STATES COURT
# OF FEDERAL CLAIMS

JUDITH MANSFIELD,         )
                                )
            Plaintiff      )
                                )
      v.                    )          Civil Action No. 05-472C
                                )          Judge Mary Ellen Coster Williams
THE UNITED STATES,      )
                                )
            Defendant    )

## DEFENDANT'S RESPONSE TO PLAINTIFF
## JUDITH MANSFIELD'S REQUESTS FOR ADMISSIONS

Pursuant to Rule 36, Rules of the United States Court of Federal Claims, defendant responds as follows:

## GENERAL OBJECTIONS

Defendant objects to plaintiff's definitions and instructions to the extent that they would require defendant to take actions and/or provide information not required by Rules 26 and 36.

## PLAINTIFF'S REQUEST FOR ADMISSIONS

1. In April 2003, a classification specialist engaged by Defendant determined that Ms. Mansfield's position of Chief of the Arts and Sciences Cataloging Division should be classified at the senior level.

**Response**: Admits that in April 2003, a classification specialist was engaged by the Library of Congress's Cataloging Directorate to evaluate the eight division chief's positions in that directorate at that time. Denies that this classification specialist concluded that "Ms. Mansfield's position of Chief of the Arts and Sciences Cataloging Division **should be**

-1-

classified at the senior level." the actual language in the classification specialists report is that 6

positions in the Cataloging Directorate "are recommended for **consideration** for elevation to

senior level."

2. The Library paid John Byrum, Jr., at the senior level as Chief of the Regional and

Cooperative Cataloging Division during the period of 2002 through his retirement in 2006.

**Response**:      Admits.

3. The Division Chief positions held by Ms. Mansfield and Mr. Byrum, require

substantially equal skill, effort, and responsibility.

**Response**: Admits.

4. The Division Chief positions held by Ms. Mansfield and Mark Dimunation require

substantially equal skill, effort, and responsibility.

**Response**:  The term "substantially equal skill, effort and responsibility" is undefined and

is too vague, general and broad to permit a response.  To the extent the term is referring to a

general comparison of the Division Chief positions held by Ms. Mansfield and Mark

Dimunation, the request is denied.

5. The Division Chief positions held by Ms. Mansfield and Steve Herman require

substantially equal skill, effort, and responsibility.

**Response**:  The term "substantially equal skill, effort and responsibility" is undefined and

is too vague, general and broad to permit a response.  To the extent the term is referring to a

general comparison of the Division Chief positions held by Ms. Mansfield and Mark

Dimunation, the request is denied.

6. The position of Acting Director for Cataloging that Ms. Mansfield assumed in 2002

was classified by the Library at the senior level.

**Response**:  Admits.

7.  The Library returned Ms. Mansfield to the GS-15 pay status on June 9, 2004.

**Response**:  Admits.

8.  Ms. Mansfield continued to carry out the duties of the Director for Cataloging position after she was returned to the GS-15 pay status on June 9, 2004.

**Response**:  Admits.

9.  In August 2004, the Library announced the appointment of Ms. Mansfield to the position of "Assistant Director for Bibliographic Access."

**Response**:  The term "appointment" is undefined and is too vague, general and broad to permit a response.  To the extent the term is referring to a formal appointment as defined by Federal personnel statutes and regulations, the request is denied.  The United States admits however, that in August 2004, Ms. Mansfield volunteered to perform additional collateral duties in a job that was entitled "Assistant Director for Bibliographic Access"

10.  Between June 9, 2004, and her appointment as "Assistant Director for Bibliographic Access," Ms. Mansfield was responsible for the Director of Cataloging duties.

**Response**:  Denies.

11.  "Bibliographic Access" is another term for "Cataloging."

**Response**:  Admits.

12.  As Assistant Director for Bibliographic Access, Ms. Mansfield continued to carry out the duties she had performed for the Library as Acting Director for Cataloging.

**Response**:  The United States admits that as the Assistant Director for Bibliographic

-3-

Access, Ms. Mansfield continued to carry out the duties she had performed for the Library as

Acting Director for Cataloging; however, we aver that these duties were collateral duties that Ms.

Mansfield volunteered to perform with out additional compensation.

13.  In August 2004, the Library announced the appointment of Steve Herman to the

position of "Assistant Director for Collections Management."

**Response**:  The term "appointment" is undefined and is too vague, general and broad to

permit a response.  To the extent the term is referring to a formal appointment as defined by

Federal personnel statutes and regulations, the request is denied.  The United States admits

however, that in August 2004, Mr. Hermann volunteered to perform additional collateral duties

in a job that was entitled "Assistant Director for Collections Management"

14.  In August 2004, the Library announced the appointment of Mark Dimunation to the

position of "Assistant Director for Special Collections and Services."

**Response**:  The term "appointment" is undefined and is too vague, general and broad to

permit a response.  To the extent the term is referring to a formal appointment as defined by

Federal personnel statutes and regulations, the request is denied.  The United States admits

however, that in August 2004, Mr. Dimuntaion volunteered to perform additional collateral

duties in a job that was entitled "Assistant Director for Special Collections and Services."

15.  In August 2004, the Library announced the appointment of Beacher Wiggins as

"Acting Director for Acquisitions."

**Response**:  Admits.

16.  Mr. Herman was paid at the senior level as Assistant Director.

**Response**:  Denies.  Mr. Steve Herman was paid at the senior level as Chief of

Collections, Access and Loan Management Division.

17. Mr. Dimunation was paid at the senior level as Assistant Director.

**Response**: Denies. Mr. Mark Dimunation was paid at the senior level as Chief of Rare Books.

18. Mr. Wiggins was paid at the senior level as Acting Assistant Director.

**Response**: Denies. Mr. Beacher Wiggins was paid at the senior level as Director for Acquisition and Bibliographic Access.

19. As Acting Director for Cataloging and then as Assistant Director for Bibliographic Access, Ms. Mansfield supervised John Byrum.

**Response**: Admits.

20. Mr. Byrum was paid at the Senior Level during the time he was supervised by Ms. Mansfield.

**Response**: Admits.

21. The assistant director positions of Ms. Mansfield, Mr. Herman, and Mr. Dimunation required substantially equal skill, effort and responsibility.

**Response**: The term "substantially equal skill, effort and responsibility" is undefined and is too vague, general and broad to permit a response. To the extent the term is referring to a general comparison of the work performed by Ms. Mansfield, Steve Hermann and Mark Dimunation in their respective jobs, the request is denied.

22. The assistant director positions of Ms. Mansfield and Mr. Wiggins required substantially equal skill, effort and responsibility.

**Response**: The term "substantially equal skill, effort and responsibility" is undefined and

-5-

is too vague, general and broad to permit a response.  To the extent the term is referring to a

general comparison of the work performed by Ms. Mansfield and Mr. Wiggins in their respective

jobs, the request is denied.

23.  There were no problems with the work of the assistant directors.

**Response**:  The term "assistant directors" is undefined and is too vague, general and

broad to permit a response.  To the extent the term is referring to Ms. Mansfield, Steve  Hermann

and Mark Dimunation when they were performing collateral duties in their respective jobs, the

request is admitted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Assistant Director

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this _10th_ day of May, 2007, I caused to be placed in overnight mail (Federal Express) copies of "**DEFENDANT'S RESPONSE TO PLAINTIFF JUDITH MANSFIELD'S REQUEST FOR ADMISSIONS**" addressed as follows:

Bruce A. Fredrickson, Esquire
1775 K Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510
(202) 659-4082 (fax)

_S. Boyd_

OF COUNSEL:

JESSIE JAMES, JR.
JULIA DOUDS
Office of General Counsel
Library of Congress
Washington, D.C.

DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:  Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C.  20530
Tel:    (202) 307-0383
Fax:    (202) 353-7988

May 2, 2007

Attorneys for Defendant

-7-